UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

**FILED**

NOV 1 3 2023

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Light Field Lab,

  Plaintiff,

v.

Alan Jones,

  Defendant

Case No. 5:23-cv-05344-NC

COMPLAINT FOR DECLARATORY RELIEF; DEMAND FOR JURY TRIAL

[28 U.S.C. §§ 1332(a)(1), 2201(a)]

To: Patricia L. Peden

As I have previously informed you, I am unable to receive in person summons due to my disability of Type 1 Diabetes leaving me immunocompromised and the subsequent risk to my health. My counsel at the time requested you send a notice of Waiver of the Service of Summons.

You refused to make the accommodation claiming that as your client had already paid for service and as such I would be served in person. I then contacted you personally reiterating my desire and willingness to sign a waiver of service and informed you that I was also seeking appropriate counsel that would be able to receive service and would be in touch once I had found such counsel.

Despite that, you continued to attempt to force in person service. During that time the process server you sent has engaged in increasingly flagrant violations of Washington State law regarding valid service; this includes impersonating a FedEx delivery person, trespassing, and engaging in harassing and intimidating behavior. I have evidence available for all aforementioned violations.

In order to put an end to this extreme emotional distress this is causing my family, I have decided to appear Pro se until such time as I am able to find appropriate counsel.

I understand that I will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objection to the absence of a summons or of service.

I also understand that as per FRCP (d)(3) I must file and serve an answer or a motion under Rule 12 within 60 days from the date of this waiver. If I fail to do so, a default judgment will be entered against me.

I appreciate the form of this waiver is unusual and I apologize for that, but that is an unavoidable result of the unusual refusal of plaintiff to provide the waiver in its standard form.

Date: 11/13/2023

Alan Jones

16406 270th Pl NE

Duvall, WA 98019

alan@jones.how

318-759-7497

*[signature]* 11/13/2023

## Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

**NOTES**

(As amended Jan. 21, 1963, eff. July 1, 1963; Feb. 28, 1966, eff. July 1, 1966; Apr. 29, 1980, eff. Aug. 1, 1980; Pub. L. 97–462, §2, Jan. 12, 1983, 96 Stat. 2527; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 17, 2000, eff. Dec. 1, 2000; Apr. 30, 2007, eff. Dec. 1, 2007; Apr. 29, 2015, eff. Dec. 1, 2015; Apr. 28, 2016, eff. Dec 1, 2016.)

**NOTES OF ADVISORY COMMITTEE ON RULES—1937**

*Note to Subdivision (a).* With the provision permitting additional summons upon request of the plaintiff compare [former] Equity Rule 14 (Alias Subpoena) and the last sentence of [former] Equity Rule 12 (Issue of Subpoena—Time for Answer).