Alan Jones
16406 270th Pl NE
Duvall, WA 98019
Tel: 318-759-7497
Email: alan@jones.how

Pro Se Defendant

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| Light Field Lab, | Case Number: 4:23-CV-05344-YGR |
| Plaintiff(s), | **MOTION FOR A MORE DEFINITE STATEMENT** |
| v. | |
| Alan Jones, | |
| Defendant. | |

Federal Rule of Civil Procedure 12(e) specifically provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). Such a motion is appropriate where "a pleading fails to specify the allegations in a manner that provides sufficient notice." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). Granting a motion for a more definite statement is a matter within the discretion of the court. Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 130 (5th Cir. 1959).

I appreciate that 12(e) motions are generally viewed with disfavor, and, as such, I apologize to the court that I need to request this. There exists in Plaintiff's complaint statements which do not have sufficient specificity to enable me to form a response; the reasons for this vary, some are due to it not being sufficiently specific for me to affirm or deny, others where they lack the specificity required for me to evaluate threshold issues.

1  In paragraph 2, Plaintiff states "During the time period relevant to this dispute, Jones was employed by Light Field Lab and worked in its offices in San Jose California." As I began working remotely in March 2020, without a precise time period (preferably a specific range of dates), I cannot reasonably affirm or deny this statement.

Multiple times throughout their complaint the Plaintiff references threats to sue, but as such language has, to my knowledge, not been used with them, it is unclear to me what they construe as threats to sue and, as such, I cannot affirm or deny. It was my impression that we were, and my intention and preference remains, to resolve the matter without litigation, making their claim even harder to evaluate. I am only involved in this current litigation because Plaintiff commenced it, and I have no intention of litigating the underlying issue I brought to them of my belief that I was the victim of disability discrimination and retaliation. I do, however, wish to have my administrative remedy of an investigation as I've not yet been able to determine whether the events I perceived as wrongful termination rose to that level, though I have not been presented with any contrary evidence. Furthermore, which laws are involved has implications for threshold issues. As such I request Plaintiff specify which acts they consider threats to sue, on what grounds, and under which laws if any, they allege I indicated I would be suing.

They also fail to provide sufficient detail for me to be able to affirmatively substantiate or deny their claims with regard to fearing litigation that would rise to a level of sufficient reality and immediacy to merit a declaratory judgment. Given they have argued, accurately, that California is the appropriate jurisdiction, my attorney at the time was in Washington State and thus unable to appear in this court. More specificity is necessary on why they viewed the threat of legal action to meet the high burden required to be justiciable under the Declaratory Judgment Act. As such, I'm unable to respond regarding that without being provided further specificity.

Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." (U.S. Const. art. III, § 2, cl. 1. See also Bayer v. Neiman Marcus Group, Inc.,

1  861 F.3d 853, 861 (9th Cir. 2017).) To satisfy the case–and–controversy requirement, "an actual,
2  ongoing controversy [must] exist at all stages of federal court proceedings." (Bayer, 861 F.3d at
3  862 (internal quotations and citations omitted).) Without a present controversy as to which
4  effective relief can be granted, a case becomes moot and the court is divested of jurisdiction.
5  (Jewell, 2014 WL 3778590, at *2.)

7  In their complaint they claim the threat is ongoing. Plaintiff's counsel indicated to me in non-
8  privileged communications that they were unsure whether I had counsel, and so had to serve me
9  personally. Their first attempt to serve me personally was on October 25th 2023, four business
10 days after their initial filing. I would need additional specifics of why my suspected lack of
11 counsel did not effect and continues (even after being made aware I am unable to find counsel)
12 to not effect their fear of litigation and the subsequent controversy they assert. They have made
13 filings since their initial claim with the court and, given that Plaintiff has not informed the court
14 of any events which they believe effect jurisdiction, they presumably therefore continue to
15 believe the controversy exists because Article III requires it. It is the Plaintiff's burden to
16 establish justiciability, and so without sufficient detail on why they believe this threat to be
17 ongoing, I am unable to ascertain the veracity of that claim and as such request they provide
18 more substantive detail regarding their claims the controversy is actual and ongoing.

20 They alleged I have made demands and that those alleged demands themselves are creating a
21 burden, but have failed to articulate how the existence of an alleged demand forces any action in
22 particular. As such, I cannot respond to the accuracy of those statements without specific
23 demands. The only somewhat specific demand mentioned is an alleged demand for shares. I
24 request they specify which specific alleged demands they refer to in each case where they
25 reference a demand and the specific method for each case by which the existence alone of the
26 alleged demand causes hardship.

Even if burden is created through any one of the alleged demands, it is impossible for me to affirm or deny whether it would create hardship without knowing whether they allege that this was the only resolution I would accept. As such, I request that they specify whether each alleged demand was the sole resolution I would entertain.

Plaintiff claims "Jones claims a right to stock equity interests exceeding $75,000." However, without being informed of the specific mechanism by which they are calculating the value of equity, which specific form of equity (stock or options) they are referring to, and whether that value is reflective of actual market value (that is an amount one could reasonably expect to receive should they wish to sell that equity), I am unable to affirm or deny whether we are in agreement on either the value or the method of valuation. As such, I request they provide sufficient specifics as to the aforementioned aspects.

Finally, they allege "Jones's insistence that he alone is exempt from the Plan exposes Light Field Lab to real business risks.". Given this language does not reflect any I am aware of being communicated to them, and that I am unaware whether anyone is exempt (and as such could not ever make such a claim without being omniscient), I will require them to be more specific as to the particular grounds and manner under which they allege I made such an insistence.

For these reasons, I respectfully request the court order Plaintiffs to amend their Complaint with a more definite statement of their claims with relation to the aforementioned issues. I further request such other and further relief to which I may be justly entitled.

Respectfully Submitted,

Date: December 4th 2023          Signature: _____

Printed Name: Alan Jones

Pro Se