Alan Jones
16406 270th Pl NE
Duvall, WA 98019
Tel: 318-759-7497
Email: alan@jones.how

Pro Se Defendant

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| Light Field Lab, | Case Number: 4:23-CV-05344-YGR |
| Plaintiff(s), | **REPLY TO OPPOSITION TO MOTION FOR A MORE DEFINITE STATEMENT** |
| v. | |
| Alan Jones, | |
| Defendant. | |

## INTRODUCTION

Plaintiff's assertion that the motion not be permitted to delay proceedings is correct. However, inexperience means I have no idea on the usual intention of such motions, mine was in fact to expedite resolution of proceedings, not to delay them. As Plaintiff is unable to read my mind, I shall first explain my rationale in seeking the motion overall, then address the particular concerns they raised in their opposition.

As I worked on preparing my defenses (including the motion to dismiss filed at the same time as this), I found there were many threshold issues which lacked factual sufficiency to meet jurisdictional requirements. However, I also found that the various rules and procedures barred me from introducing those facts. I sought to figure out how this could be and soon realized that in order to give the facial appearance of sufficiency where the factual does not exist, one need only abstract their argument sufficiently that the factual element which fails threshold matters lack sufficient specificity to demonstrate that while facilitating facial sufficiency. Based on this hypothesis, I went through Plaintiff's complaint looking for any and all abstractions and

REPLY TO OPPOSITION TO MOTION FOR
A MORE DEFINITE STATEMENT
PAGE **1** of **7**

CASE NO.: 4:23-CV-05344-YGR
DEMAND FOR JURY TRIAL
[28 U.S.C. §§ 1332(a)(1), 2201(a)]

vagueness, even when hidden in apparently specific wording. I found many such examples, and so selected those most critical to establishing Plaintiff's complaint fails threshold matters and was therefore unlawfully brought. This lead me to file a motion for a more definite statement in order that those details would be brought to the court's attention more expediently, rather than discovering them during trial as Plaintiff contends they should be. Intentionally delaying the discovery of facts which would determine threshold issues causes unnecessary proceedings and is sanctionable under 28 U.S.C. § 1927. Def Mem (Doc # 11) at 17. "Any * * * person * * * who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

In order to demonstrate that the Plaintiff's actions lack merit, the court need only look to where they avoid specificity and require they provide it. I pray the court do so as to avoid any further waste of the court's valuable resources.

## ARGUMENTS

### 1. PLAINTIFF'S FACTUAL CONTENTIONS

As discussed in my motion to dismiss, the factual contentions Plaintiff makes in Dkt. No 22 are all referencing settlement communications and they are doing so for the purpose of establishing the validity of their case. This is expressly forbidden under the Federal Rules of Evidence 408(a), which also makes them a violation of the Federal Rules of Civil Procedure Rule 11(b). Plaintiff repeatedly violates both of these rules, and as such I request the court sanction Plaintiff.

With relation to the amount in question, a matter that must be determined in order to establish diversity jurisdiction, in addition to violating FROE 408(a) based on the grounds of being used to establish the validity of their case, it is also forbidden under that rule to be used for the purpose of establishing the amount. Additionally, "the plaintiff bears the burden of establishing that the Court has the requisite subject matter jurisdiction to grant the relief requested." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The Plaintiff

REPLY TO OPPOSITION TO MOTION FOR
A MORE DEFINITE STATEMENT
PAGE **2** of **7**

CASE NO.: 4:23-CV-05344-YGR
DEMAND FOR JURY TRIAL
[28 U.S.C. §§ 1332(a)(1), 2201(a)]

is the one asserting the value is over $75,000 in order to meet the jurisdictional requirement, and as such they must establish the value in question. They cannot shift that burden to the Defendant.

Plaintiff also states in this section that my former attorney indicated "he may proceed with his filing". Even if this were not a misrepresentation and Plaintiff wished to use this as a justification, "may" indicates that their claim is based upon a contingent future event which may or may not happen, as such it fails ripeness, a threshold issue. Additionally, for reasons I cannot disclose due to the FROE 408(a) barring me from even requesting evidence be introduced for the purposes of impeachment, Plaintiff's claim omits keys details, the absence of which drastically changes the meaning one make take from such statement and, as such, is a misrepresentation in breach of FRCP 11(b).

## 2. PLAINTIFF'S LEGAL ARGUMENT A

Plaintiff fails to comprehend the reason a more definite timeframe is required. They contend I am saying I cannot affirm that address, which was in paragraph 1 of their complaint, not paragraph 2 I referenced. I did not require clarification on their paragraph 1 statement, as I am already aware it is false. They state that for all times referenced within (which includes the duration of my employment) that Plaintiff's offices were on Zanker Rd, when in fact when I first began working for Plaintiff their offices were on Brokaw.

My apologies to the court for the level of specificity I am about to provide in order to ensure Plaintiff correctly understands why the specificity is requested. The reason their relevant time period statement requires more specificity is that the term remote work uses the adjective remote as per its dictionary definition of "separated by an interval or space greater than usual" (Merriam-Webster). In the context of working, the separation this refers to is from a company's usual places of business. As such, combining the fact that I worked remotely since March 2020 with their contention that I was working in their offices for the relevant time period, I must know specifically what that relevant time period is in order to determine whether I was working in their office for the entirety of that period, some of that period, or none of that period. I take my obligations to provide truthful statements to the court seriously, and I have the right to be provided sufficient detail such that I am able to do so.

REPLY TO OPPOSITION TO MOTION FOR  
A MORE DEFINITE STATEMENT  
PAGE **3** of **7**

CASE NO.: 4:23-CV-05344-YGR  
DEMAND FOR JURY TRIAL  
[28 U.S.C. §§ 1332(a)(1), 2201(a)]

In this section, they change their allegations in their complaint, Dkt. No 1, from that I threatened to sue for shares to now state that I threatened to sue for options. They now also claim that I threaten to sue for options that the plan does allow me whereas in their complaint they claim I have "no rights under the express terms of the Plan Documents". Their statements are getting less and less consistent with each filing. They persist in referencing privileged communications. How is one supposed to reasonably respond to any of this when Plaintiff provides statements without admissible evidence, changes their position between filings, and I am stuck trying to both learn the rules and follow them while responding to a party who knows but ignores them? The degree to which they are struggling to find any legally admissible avenues for an action that is fundamentally unlawful further highlights the vexatiousness of their litigation I discuss in my motion to dismiss. Again, I request Plaintiff be sanctioned for the violations of FROE 308(a) and FRCP 11(b) for these statements.

### 3. PLAINTIFF'S LEGAL ARGUMENT B

Again, Plaintiff begins their argument with violations of FROE 308(a) and FRCP 11(b), please sanction appropriately. I have yet to undertake my administrative filings. As I discuss in my motion to dismiss, my administrative remedies were not and have not been exhausted. Even without that requirement, the presence of a letter of demand is insufficient to constitute a threat to sue as its actual content may not convey such intent, especially in the case of Title VII issues. I am not legally able to sue until administrative remedies are exhausted, nor do I intend to, nor do I care to form any intent until I am aware whether my termination was unlawful. Therefore, there can be no threat regardless of the content of any discussion relating to any potential liability Plaintiff may have. Plaintiff should be required to provide non-privileged evidence which substantiates their claims of a threat to sue in relation to the underlying dispute and proves that I had standing to do so at the time they filed their complaint. In other words, such standing must exist outside of any standing which I may have acquired due to their initiation of this claim. Without this, Plaintiff's claim clearly fails threshold issues and so should be addressed in a more definite statement.

REPLY TO OPPOSITION TO MOTION FOR  
A MORE DEFINITE STATEMENT  
PAGE **4** of **7**

CASE NO.: 4:23-CV-05344-YGR  
DEMAND FOR JURY TRIAL  
[28 U.S.C. §§ 1332(a)(1), 2201(a)]

With regards to jurisdiction, if the only jurisdiction in which these matters may be heard could not have been accessed by my attorney, then clearly any jurisdiction he may have had available would have dismissed the case for lack of jurisdiction. Therefore, Plaintiff's fear of legal action could not have been legitimate as they would know it to be effectively inactionable, as such they should explain why they felt otherwise. Actual controversy requires it, which is a threshold matter.

Their tacit admission allegation, while I probably should take it offensively, is more demonstrative of their failure to consider alternative reasons. There existed the possibility that there were conversations between my former counsel and Plaintiff of which I was unaware, or that Plaintiff had simply misinterpreted the intention of some statement. Given I am aware of Plaintiff's statements being made under penalty of perjury, it was only fair that I give them the benefit of the doubt and assume that I must be unaware of some piece of information, rather than assuming they were intentionally omitting or misrepresenting material information or attempting to introduce inadmissible evidence.

It is the presence of additional possibilities that makes an accusation of a tacit admission unreasonable. A better example of a tacit admission would be a hypothetical in which a party interferes with another party determining and exercising their contractual rights until they first have a court deprive the other party of those rights or coerce the other party into signing them away.

In relation to demands and hardship, Plaintiff again misreads what was requested. For their case to have standing, they need to have actual and concrete damages which are current or imminent. Therefore, it is the presence of demands which must cause hardship now or imminently. This means that Plaintiff must establish that the presence of a demand is sufficient to establish standing, not the case where that demand may be awarded as damages in a hypothetical future where Plaintiff were to be found liable. The scenarios discussed in Plaintiff's complaints only existed in the case where Plaintiff either voluntarily provided equity or in the aforementioned hypothetical future. Therefore, unless they can establish that in the absence of a declaratory judgment the presence of an alleged demand alone causes damages, it fails standing.

REPLY TO OPPOSITION TO MOTION FOR  
A MORE DEFINITE STATEMENT  
PAGE **5** of **7**

CASE NO.: 4:23-CV-05344-YGR  
DEMAND FOR JURY TRIAL  
[28 U.S.C. §§ 1332(a)(1), 2201(a)]

Should they choose to claim the hypothetical litigation which is contingent upon future events that may or may not occur such as the exhaustion of administrative remedies is the issue, then that argument would clearly be disingenuous as they've brought this suit attempting to litigate the issues first, and, even if not, as discussed in my motion to dismiss, it would fail on many threshold issues.

### 4. PLAINTIFF'S LEGAL ARGUMENT C

As I mentioned earlier, the matter of value is a jurisdictional issue, it is Plaintiff's burden to establish jurisdiction, therefore without their providing their stipulated value for the matter, they cannot establish diversity jurisdiction. As such, I reiterate that this information is necessary to avoid wasting the court's resources.

I am obligated to tell the truth in court filings. Their accusation of repeated threats, which still remains unproven, made my intent relevant to the proceedings, as again, my intent is a threshold matter, without it there is no actual controversy. Further, my intent to pursue my administrative remedies is clearly not a threat of litigation, but an intent to exercise a protected right.

I have already effectively addressed the matter relating to communications from my counsel when I addressed their false tacit admission allegation and so won't repeat it here.

### CONCLUSION

As I believe this case should already be dismissed, as evidenced by my motion to dismiss, I would like to notify the court that I am only filing this as I must meet filing deadlines in the case it is not. Personally, I believe this case should never have existed and that since I filed the motion for a more definite statement it has been incontrovertibly moot, and as such any prolonging of the matter would be vexatious. Further, I believe that should this motion not become moot due to dismissal, that the papers are sufficient for it to be decided without a hearing and so request the court do so as is allowable under Fed. R. Civ. P. 78(b) and N.D. Cal. Civ. L.R. 7-1(b).

Plaintiff's response does not address all matters which I requested more definite statements for (such as why my lack of representation did not effect their fear of litigation), as such they presumably have no disagreement that those elements are insufficient. Additionally, I have

REPLY TO OPPOSITION TO MOTION FOR  
A MORE DEFINITE STATEMENT  
PAGE **6** of **7**

CASE NO.: 4:23-CV-05344-YGR  
DEMAND FOR JURY TRIAL  
[28 U.S.C. §§ 1332(a)(1), 2201(a)]

presented arguments why challenged elements were in fact critical to ensuring that the court's resources are not wasted on unnecessary litigation. I respectfully reiterate the causes for requiring additional specificity in my initial motion and those further raised in this reply as I addressed Plaintiff's objections. Threshold issues exist for a reason and delaying their discovery can never be in the interests of the court or justice itself.

Date: December 18th 2023              Signature: _____

Printed Name: Alan Jones

Pro Se