Patricia L. Peden (SBN 206440)
E-mail: ppeden@bwslaw.com
Ghazaleh Modarresi (SBN 259662)
E-mail: gmodarresi@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1999 Harrison Street, Suite 1650
Oakland, California 94612-3520
Tel: 510.273.8780   Fax: 510.839.9104

Attorneys for Light Field Lab

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| Light Field Lab,<br><br>       Plaintiff,<br><br>   v.<br><br>Alan Jones,<br><br>       Defendant. | Case No. 4:23-cv-05344-YGR<br><br>**PLAINTIFF LIGHT FIELD LAB'S OPPOSITION TO ALAN JONES'S MOTION TO DISMISS** |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

Case No. 4:23-cv-05344-YGR
PLAINTIFF LIGHT FIELD LAB'S OPPOSITION
TO ALAN JONES'S MOTION TO DISMISS

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................6

II. FACTS ................................................................................................................................7

III. LEGAL ARGUMENT ........................................................................................................8

    A. Jones's Employment Grievances Are Irrelevant To the Above-Captioned Case ..........................................................................................................................9

        1. Jones's Planned Employment Action Will Not Resolve His Right to Stock Options ............................................................................................9

        2. The Disputed Stock Options Must Be Resolved in This Case ....................10

    B. Jones's Rule 12(b)(1) Challenge Should be Overruled .............................................11

        1. The Declaratory Relief Claim is Ripe ........................................................12

        2. The Court Has Jurisdiction Under the Declaratory Judgment Act ..............13

        3. Light Field Lab, as a Party to the Contract, Has Standing .........................15

    C. Jones Rule 12(b)(6) Motion Should Be Denied ..........................................................16

        1. The Complaint Includes All Elements Required to State a Claim ..............16

        2. Rule 408 is Inapplicable to a Motion to Dismiss, and Has Not Been Violated ......................................................................................................16

        3. Jones's Rule 11 Argument Fails ..................................................................17

        4. There Has Been No Lack of Prosecution ....................................................17

        5. The Parties' Dispute is Not Moot ................................................................17

    D. Jones's Rule 8 Arguments Are Procedurally Improper .............................................18

    E. Leave to Amend ...........................................................................................................18

IV. CONCLUSION .................................................................................................................18

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

2

Case No. 4:23-cv-05344-YGR
PLAINTIFF LIGHT FIELD LAB'S OPPOSITION
TO ALAN JONES'S MOTION TO DISMISS

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*ABM Indus., Inc. v. Zurich Am. Ins. Co.*,
  237 F.R.D. 225 (N.D. Cal. 2006) ......................................................................................... 16

*Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*,
  300 U.S. 227 (1937) ............................................................................................................ 15

*Allstate Ins. Co. v. Davis*,
  430 F.Supp.2d 1112 (D. Haw. 2006) ................................................................................... 14

*Archer v. Kelly*,
  271 F.Supp.2d 1320 (N.D. Okla. 2003) ............................................................................... 16

*Atencio v. TuneCore, Inc.*,
  2016 WL 11518598 (C.D. Cal. Sept. 29, 2016) .................................................................. 10

*Bitter v. Windsor Sec., LLC*,
  2014 WL 1411219 (N.D. Cal. Apr. 11, 2014) ..................................................................... 13

*Bollard v. Cal. Province of the Soc'y of Jesus*,
  196 F.3d 940 (9th Cir. 1999) ............................................................................................... 12

*Brillhart v. Excess Ins. Co.*,
  316 U.S. 491 (1942) ............................................................................................................ 14

*Clear Channel Outdoor, Inc. v. Bently Holdings California LP*,
  No. C-11-2573 EMC, 2011 WL 6099394 (N.D. Cal. Dec. 7, 2011)
  ........................................................................................................................ 12, 13, 15, 16

*Copiers Typewriters Calculators, Inc. v. Toshiba Corp.*,
  576 F. Supp. 312 (D. Md. 1983) ......................................................................................... 15

*Ebner v. Fresh, Inc.*,
  838 F.3d 958 (9th Cir. 2016) ............................................................................................... 18

*Fantasy, Inc. v. Fogerty*,
  984 F.2d 1524 (9th Cir. 1993) ........................................................................................ 11, 12

*Gov't Employees Ins. Co v. Dizol*,
  133 F.3d 1220 (9th Cir. 1998) (*en banc*) ........................................................................... 14

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*
  896 F2d 1542 (9th Cir. 1989) .............................................................................................. 13

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

3

Case No. 4:23-cv-05344-YGR
PLAINTIFF LIGHT FIELD LAB'S OPPOSITION
TO ALAN JONES'S MOTION TO DISMISS

*Hernandez v. City of El Monte*,
  138 F.3d 393 (9th Cir. 1998) .......................................................................................... 17

*Int'l Bus. Machines Corp. v. Bajorek*,
  191 F.3d 1033 (9th Cir. 1999) ......................................................................................... 9

*Johnson v. Rancho Santiago Cmty. Coll. Dist.*,
  623 F.3d 1011 (9th Cir. 2010) ....................................................................................... 17

*Martinez v. Riser*,
  2023 WL 6787439 (C.D. Cal. July 24, 2023) ............................................................... 17

*Molde-Duque v. HH Riverside Prop. LLC*,
  2021 WL 2791612 (C.D. Cal. Apr. 2, 2021) ................................................................. 15

*Safe Air for Everyone v. Meyer*,
  373 F.3d 1035 (9th Cir.2004) ........................................................................................ 11

*Smith v. Cutler*,
  504 F. Supp. 2d 1162 (D.N.M. 2007) ........................................................................... 16

*Sony Electronics, Inc. v. Guardian Media Technologies, Ltd.*,
  497 F3d 1271 (Fed. Cir. 2007) ...................................................................................... 13

*Walter v. Adaptive Insights, Inc.*,
  2019 WL 13201941 (N.D. Cal. May 23, 2019) .............................................................. 9

**State Cases**

*Barton v. Elexys International, Inc.*,
  62 Cal App. 4th 1182 (1998) .................................................................................. 10, 11

**Federal Statutes**

28 U.S.C. § 2201(a) .................................................................................................................. 13

**State Statutes**

Declaratory Judgment Act ................................................................................................... 6, 13

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

4

Case No. 4:23-cv-05344-YGR
PLAINTIFF LIGHT FIELD LAB'S OPPOSITION
TO ALAN JONES'S MOTION TO DISMISS

**Other Authorities**

Fed. R. Civ. P.
 11 ............................................................................................................................................. 17
 11(c)(1)(A) ............................................................................................................................... 17
 12 ............................................................................................................................................. 18
 12(b) ........................................................................................................................................ 18
 12(b)(1) .............................................................................................................................. 11, 17
 12(b)(6) .............................................................................................................................. 16, 17
 12(f) ......................................................................................................................................... 11
 8 ............................................................................................................................................... 18

FRE 408 ........................................................................................................................................ 13, 16

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

5

Case No. 4:23-cv-05344-YGR
PLAINTIFF LIGHT FIELD LAB'S OPPOSITION
TO ALAN JONES'S MOTION TO DISMISS

## I. INTRODUCTION

Before Light Field Lab filed this lawsuit, Alan Jones ("Jones") engaged counsel to threaten suit and attempted to recover stock options or their value arising from a 2017 Light Field Lab Stock Incentive Plan ("Plan") he entered into while employed at Light Field Lab. Jones now attempts to minimize his threats, arguing that Light Field Lab must patiently wait for him to sue before seeking resolution of its rights and obligations. At the same time, Jones continues making false accusations and conjuring irrational grievances to distract from a simple contractual dispute. The Declaratory Judgment Act does not require Light Field Lab to wait, particularly where, as here, delay causes real harm.

Facing Jones's unresolved stock option claim, Light Field Lab continues to suffer from material limitations to its business operations as a startup, including reduced option pool for critical employee recruitment and retention and diminished equity valuation. Here, there is a real, immediate and substantial dispute between the parties ready for, and in need of, judicial resolution.

In his motion to dismiss, Jones argues that he wants to sue for alleged employment violations, but then argues at the same time that he does not want to sue. *Compare* Mot. at 2 (seeking EEOC approval to sue) with Mot. at 3 (mootness argument premised on fact that Jones does not intend to sue). Jones's planned employment action has no mitigating impact on this case. Jones's employment claims must be submitted to arbitration. The arbitration will not address the disputed options because they are not wages, and therefore outside the scope of the employment claims submitted to arbitration. The Plan documents do not agree to arbitrate disputes arising from the Plan. Instead, the Plan expressly requires disputes be resolved via litigation in a California Court. Light Field Lab asked Jones to confirm his intent not to seek to recover options for which he is not entitled by signing a covenant not to sue. Jones refused. The dispute remains live and in need of resolution.

The issue presented here is the parties' contractual rights under the Plan. Jones's employment with Light Field Lab has terminated. His rights under the Plan have expired. There are no future events that will change these facts. Jones continues to demand options to which he is

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

6

Case No. 4:23-cv-05344-YGR
PLAINTIFF LIGHT FIELD LAB'S OPPOSITION
TO ALAN JONES'S MOTION TO DISMISS

1  not entitled, through demand letters, email threats to sue, and refusal to stipulate that he will not
2  sue for stock options when he brings his separate employment claims to arbitration. Jones is free
3  to pursue his employment claims but he is not entitled to stock options under the Plan, and a
4  judicial declaration to that effect is appropriate, needed, and within this Court's jurisdiction.

5  **II.    FACTS**

6        The relevant facts are set forth in Light Field Lab's Declaratory Judgment Complaint. *See*
7  Dkt. No. 1.

8        Jones agreed to the terms of Light Field Lab's 2017 Stock Incentive Plan. *See* Dkt. No. 1
9  at ¶¶ 9, 11.

10       In the Plan documents, Jones agreed that his participation in the Plan is voluntary, and
11 options are "extraordinary items that do not constitute regular compensation for services rendered
12 to the Company . . ." Dkt. No. 1 at ¶10, Exhibit A at ¶11. Jones further agreed that options were
13 "not intended to replace any pension rights or compensation and are not part of normal or expected
14 salary or compensation for any purpose, including but not limited to calculating severance
15 payments, if any, upon termination . . ." *See id.*

16       After he was separated from Light Field Lab, Jones did not exercise his options in the time
17 required by the Plan. *See* Dkt. No. 1 at ¶¶16, 17, 22.

18       Jones made a demand that he be allocated options in an amount that exceeds $75,000.

19       Light Field Lab is an early-stage Silicon Valley technology company. Equity is the most
20 important business currency for a startup. Like other startups, the ability for the company to offer
21 attractive equity opportunities is the main tool to recruit top talent and is the mechanism for the
22 financial returns that industry-leading investors seek. However, the number of stock options
23 allocated for employees is limited. Mr. Jones's claim handcuffs the company's ability to meet its
24 hiring needs, the very purpose of the Plan. *See* Dkt. No. 1 at ¶14.

25       Furthermore, Jones's unresolved claim to the options reduces the value Light Field Lab
26 may offer for its equity in future financing, acquisition, or IPO events.

27       Metrics for the success of large companies are measured in years whereas those metrics for
28 startups are measured in months. A large company may not be materially impacted by unresolved

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

7

Case No. 4:23-cv-05344-YGR
PLAINTIFF LIGHT FIELD LAB'S OPPOSITION
TO ALAN JONES'S MOTION TO DISMISS

1  equity claim like Jones's, but Light Field Lab does not have the luxury of time to resolve this
2  dispute.
3        Jones continues to claim he is entitled to stock options arising from his employment at
4  Light Field Lab.  (*See* Mot. at 11, 13, 14).
5        Light Field Lab presented Jones with a Release and Covenant Not to Sue directed to stock
6  options that, if signed, would resolve the present dispute.  Jones refused to sign.
7        There is no basis to allow this dispute to go unresolved.  Jones's theories of wrongful
8  discharge must be submitted to arbitration.  *See* Yang Decl. Ex. A, attached hereto (Arbitration
9  Agreement).  The Plan, on the other hand, requires disputes be litigated in a California Court.  *See*
10 Dkt. No. 1, Ex. A (Option Agreement) at ¶13.  This dispute is properly brought in this Court.

## III.    LEGAL ARGUMENT

Jones takes a shotgun approach to distract from the single, straight-forward issue presented in the complaint:  Under the terms of the parties' contract, can Jones assert a right to expired stock options?  The contract and case law say he cannot.  Jones's threats and demands to the contrary pose real and immediate harm to Light Field Lab.  Light Field Lab needs a judicial declaration to go back to its business mission.

Jones, who was fired for below-expectation performance and unprofessional behavior, does not squarely address the contract issue presented for judicial resolution.  He opts instead to make patently false accusations about his former employer.  The irrational grievances in his motion to dismiss span assertions of intentional failure to include his version of events in the complaint, complaints about service of process, far-fetched unsubstantiated accusations underpinning undisclosed claims he may plead in the future,[1] rules violations where there are none, and even accusations of filing suit to force Jones to leave his home.  Jones's allegations lack any factual support.  The Court should ignore these unsubstantiated distractions and focus on the simple contract dispute that must be resolved.

---

[1] Light Field Lab does not address the false accusations herein.  If Jones includes the claims in his Answer, Light Field Lab will file the appropriate motion.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

8

Case No. 4:23-cv-05344-YGR
PLAINTIFF LIGHT FIELD LAB'S OPPOSITION
TO ALAN JONES'S MOTION TO DISMISS

For purposes of the present motion, Jones's conspiracy theories are entirely irrelevant. To the extent that Jones's unsubstantiated accusations should be considered at all they show why declaratory judgment relief is needed here. Light Field Lab needs the Court's intervention on the central dispute over the options so that Light Field Lab can continue its business despite Jones's campaign of legal threats and ever increasing wild and false accusations.

### A. Jones's Employment Grievances Are Irrelevant To the Above-Captioned Case

Jones appears to concede that he is not entitled to options under the Plan, but asserts that because he will sue for wrongful termination he may be entitled to recover his lapsed options. Jones is mistaken. Fundamentally, Jones confuses two separate and distinct legal disputes. When untangled and examined through a proper legal lens, it is clear Plaintiff's declaratory judgment complaint presents an entirely separate legal issue for this court to adjudicate, independent of Jones's employment grievances.

#### 1. Jones's Planned Employment Action Will Not Resolve His Right to Stock Options

Jones claims he was wrongfully terminated. Arbitration is required for Jones's employment claims, which are not the issue here. Mr. Jones agreed in an Agreement to Arbitrate All Claims, that his employment claims must be resolved outside of court, and in binding arbitration.[2] *See* Yang Decl. at Ex. A (Agreement to Arbitrate).

Jones's planned employment litigation will not entitle him to his lapsed stock options, under any possible outcome, for at least two reasons.

*First*, as a matter of contract, Jones agreed that stock options would not be compensation for any purpose, including severance payments. *See* Dkt. No. 1 at ¶10; Exhibit A at 35 (Stock Option Agreement) at ¶11.

*Second*, Jones is not entitled to stock options as a matter of law. Jones's employment arbitration would be conducted in accordance with California law. (Yang Decl. at Ex. A (Agreement to Arbitrate). The employment arbitration, if successful, will entitle Jones to recover

---

[2] The complaint in this case does not seek a judicial declaration about Jones's employment rights. There are no employment claims in the complaint or pending before this Court.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

9

Case No. 4:23-cv-05344-YGR
PLAINTIFF LIGHT FIELD LAB'S OPPOSITION
TO ALAN JONES'S MOTION TO DISMISS

lost wages—the permitted damages. But even success will not allow Jones to recover stock options. Stock options are not wages under California law. *See Int'l Bus. Machines Corp. v. Bajorek,* 191 F.3d 1033, 1039 (9th Cir. 1999) ("stock options are not 'wages'"); *Walter v. Adaptive Insights, Inc.*, 2019 WL 13201941, at *1 (N.D. Cal. May 23, 2019) (same); *Atencio v. TuneCore, Inc.*, 2016 WL 11518598, at *8 (C.D. Cal. Sept. 29, 2016) ("the Court's response is simple: "[S]tock options are not 'wages'"). Here, the stock options will not be at issue if Jones initiates employment arbitration because California law governs, and his options are not recoverable as "wages." The Plan documents preclude any contrary argument.

### 2. The Disputed Stock Options Must Be Resolved in This Case

This case is directed to resolving a contract dispute under the Plan. Specifically, Jones's repeated demands that Light Field Lab grant him stock option benefits after his rights expired. The 2017 Light Field Lab Stock Incentive Plan dictates the parties' obligations and rights. Jones does not dispute, and in fact admits that disputes arising from the Plan must be resolved in a California Court. *See* Dkt. No. 1 at ¶7 and Exhibit A at ¶13. Jones now claims he does not want litigation, but he refuses to sign a Release and Covenant Not to Sue narrowly directed to the stock options. It is clear that a live dispute remains.

The Plan, to which Jones is a signatory, does not grant the rights to which he insists he is entitled. Indeed, the Plan clearly states that Jones's stock option awards are not wages. *See* Dkt. No. 1, Exhibit A at ¶11.

The Plan also dictates the procedure and timing required for Jones to exercise his options. Jones failed to exercise his options, and has no rights to do so now. The California Court of Appeal decision in *Barton v. Elexys International, Inc.*, 62 Cal App. 4th 1182 (1998), is on point. In *Barton*, a former senior officer sued Elexys, his former employer, for breach of contract and fraud when it failed to honor his attempted exercise of previously granted stock options. The company's position was that the options had expired. *Id*. at 1184. The Court of Appeal affirmed the granting of summary judgment in favor of the company because the options provided that upon Barton's termination of employment with Elexys the options would expire within thirty days of his termination. Specifically, the *Barton* Court held:

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

10

Case No. 4:23-cv-05344-YGR
PLAINTIFF LIGHT FIELD LAB'S OPPOSITION
TO ALAN JONES'S MOTION TO DISMISS

> [The option grants] provided that the options either ceased to be exercisable or had to be exercised within 30 days of termination. Under the terms of these written stock option contracts, Barton had no right to exercise his options a year after his employment was terminated. Accordingly, Elexys cannot be liable for breach of contract based on these written agreements.

*Id*. at 1188.  The same result is required here.  Light Field Lab seeks a declaration that Jones's options have lapsed, and he is not entitled to options.  The declaration will resolve the parties' dispute as to Jones's rights under the Plan.

The host of federal court doctrines raised in the motion, and premised on the same employment grievances, lack merit.  Most are legally frivolous and are merely spurious accusations by a disgruntled former employee.  None deprive this Court of subject-matter jurisdiction.

### B.   Jones's Rule 12(b)(1) Challenge Should be Overruled

Jones cites Fed. R. Civ. P. 12(b)(1) and is presumably seeking dismissal for lack of subject-matter jurisdiction.  Jones facially attacks the complaint.  The motion cannot be a factual challenge because Jones offers only irrelevant documents to show his pursuit of a different non-pleaded claim, demands evidence at the pleading stage, presents counterclaims he may eventually file, and proffers complaints about service of process that are wholly unrelated to the contract at issue in the complaint.  None of the exhibits are relevant, and the required supporting declaration is missing.  Jones's purported "evidence" is insufficient to mount a factual attack. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.2004) (A moving party converts the motion to dismiss into a factual motion "by presenting affidavits or other evidence *properly brought before the court* . . .) (emphasis added).

Light Field Lab moves to strike all exhibits submitted with the motion.  A court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Immaterial matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-707 (1990)). Similarly, impertinent matter does not pertain, and is not necessary, to the issues in

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

11

Case No. 4:23-cv-05344-YGR
PLAINTIFF LIGHT FIELD LAB'S OPPOSITION
TO ALAN JONES'S MOTION TO DISMISS

question.  *Id.*  All apply here.

Because the challenge is a facial challenge, the allegations in the plaintiff's complaint must be taken as true.  *See Bollard v. Cal. Province of the Soc'y of Jesus*, 196 F.3d 940, 945 (9th Cir. 1999).  Jones does not dispute the complaint's averments about the Plan, that he is a party to the contracts, or that under the Plan terms he is not entitled to options.  There is no real challenge to the sufficiency of the complaint.  If the Court were to credit Jones's exhibits and find a factual attack, the Plan documents incorporated into the Complaint are sufficient to defeat the challenge.

### 1. The Declaratory Relief Claim is Ripe

Ripeness asks whether the harm asserted has matured sufficiently to warrant judicial intervention.  *See Clear Channel Outdoor, Inc. v. Bently Holdings California LP*, 2011 WL 6099394, at *3 (N.D. Cal. Dec. 7, 2011) (internal citation omitted).  For private party contract disputes, the traditional ripeness standard applies.  *Id.* (internal citations omitted).  "More specifically, '[t]he central concern [of the ripeness inquiry] is whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Id.*  Claims may be ripe for adjudication even where there is no immediately apparent damage.  *Id.* at *4.  In *Clear Channel*, like here, the declaratory judgment defendant argued lack of ripeness claiming that the parties' obligation would not arise until some future contingency had been met.  The Court disagreed, finding the contract dispute ripe.  There was "a dispute between the parties as to their respective rights and obligations under the [contract.]"  *Id.* at *6.  The same is true here.

Jones does not disagree that there is a live dispute about his stock options.  Jones's ripeness argument is that he may or may not file employment claims at some future date.  (Mot. at 7).  As explained above, his potential employment claims are irrelevant to this action.  Here, there are no future contingencies that will impact this case.  All essential facts establishing the right to declaratory relief have already occurred.  The Plan was agreed to by the parties, the terms upon which options are permitted are in the Plan and will remain unchanged, Jones is no longer employed at Light Field Lab and will not be in the future.  There are no future events that will change the nature or scope of this case.  The dispute is concrete and ripe for a judicial declaration of the rights and obligations of the parties under the Plan.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

12                      Case No. 4:23-cv-05344-YGR
PLAINTIFF LIGHT FIELD LAB'S OPPOSITION
TO ALAN JONES'S MOTION TO DISMISS

### 2. The Court Has Jurisdiction Under the Declaratory Judgment Act

Pursuant to the Declaratory Judgment Act, federal courts may declare the rights and other legal relations of any interested party in a declaratory judgment action. *See* 28 U.S.C. § 2201(a). "Determination of jurisdiction is a two-part test: first the court must determine ripeness, and then the court must determine whether to exercise its discretion." *Clear Channel Outdoor*, 2011 WL 6099394, at *5.

This dispute is ripe. Jones does not dispute that he presently demands stock options. Instead, his argument is that his demands are protected from disclosure under FRE 408 and therefore the complaint "lacks evidence." Light Field Lab is not required to present evidence at the pleading stage. During discovery, Light Field Lab will depose Jones and will be able to show the specificity and articulated basis of his demand. Moreover, Jones's threat of additional litigation, reinforced in his motion, is enough for jurisdiction. (Mot. at 2). That Jones has not yet brought his claims, and claims he may not, does not preclude jurisdiction, it supports it. The Declaratory Judgment Act is "intended to fix the problem that arises when the other side does not sue." *Sony Electronics, Inc. v. Guardian Media Techs., Ltd.*, 497 F3d 1271, 1284 (Fed. Cir. 2007), *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*. 896 F2d 1542, 1555 (9th Cir. 1989) (the Act relieves potential defendants from "Damoclean threat of impending litigation which a harassing adversary might brandish.").

*Bitter v. Windsor Sec., LLC*, 2014 WL 1411219 (N.D. Cal. Apr. 11, 2014) is directly on point. There, the Court considered and rejected the argument that settlement demands were insufficient for the issuance of a declaratory judgment. *Id*. at *4. The Court similarly rejected the same "must have present evidence" argument Jones advances, finding "[t]he need to develop facts does not mean that no case or controversy exists—that need is why discovery is allowed." *Id*. at *4. Finally, the Court rejected the defendant's argument that "uncertain or contingent future events that may not occur"—the same argument Jones makes here. *Id.* at *5. Windsor's and Jones's arguments to dismiss are the same, and Jones's arguments should meet the same fate as Windsor's; the motion to dismiss should be denied.

Jurisdiction is also appropriate. The *Brillhart* factors all favor the Court's exercise of

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

13

Case No. 4:23-cv-05344-YGR
PLAINTIFF LIGHT FIELD LAB'S OPPOSITION
TO ALAN JONES'S MOTION TO DISMISS

1    jurisdiction. *See Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942).

2    *First*, this case does not involve a needless determination of state issues. This factor
3    generally focuses on disputes concerning unsettled or novel issues of state law, as opposed to
4    factual disputes. *See Allstate Ins. Co. v. Davis*, 430 F.Supp.2d 1112, 1120 (D. Haw. 2006).
5    Declaring that Jones is not entitled to options under the Plan implicates a private contract, there is
6    no parallel state court proceeding,[3] and this Court's diversity jurisdiction is undisputed. There is
7    no novel issue here; the case is a simple contract case typical of cases this Court hears regularly.
8    *See id.* ("On numerous occasions, the United States District Court in the District of Hawaii has
9    interpreted insurance policies pursuant to Hawaii state law to determine the scope of an insurer's
10   duties to an insured.").

11   *Second*, there is no indication of forum shopping. In the Plan, the parties agreed that any
12   stock-related litigation shall be conducted in a California court, and also agreed that federal court
13   was a suitable venue. *See* Dkt. No. 1 Exhibit A at ¶13.

14   *Third*, this case does not implicate duplicative litigation. As Jones's emphasizes in his
15   motion, no other lawsuits have been filed. Jones's employment claims, which as explained above
16   are irrelevant to this case, will not be resolved in litigation; they must be arbitrated. There is no
17   present or potential duplicate state court litigation.

18   None of the procedural concerns evaluated for suitability apply here because the parties
19   agreed to resolve Plan disputes in this forum. *See* Dkt. No. 1 Exhibit A at ¶13. There is no
20   procedural fencing, "res judicata" advantage, or entanglement between the federal and state court
21   systems presented in this case. *See Gov't Employees Ins. Co v. Dizol*, 133 F.3d 1220, 1225 n.5
22   (9th Cir. 1998) (*en banc*). Convenience of the parties is not an adverse consideration for the same
23   reason, the parties agreed to litigate in California.

24   On the other hand, consideration of the other factors, such as whether the suit will settle all
25   aspects of the controversy and serve a useful purpose in clarifying legal relations at issue, weigh in

---

[3] Even if Jones were to pursue employment claims, they have to be submitted to arbitration. Therefore, there will be no future state court proceedings.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

14    Case No. 4:23-cv-05344-YGR
PLAINTIFF LIGHT FIELD LAB'S OPPOSITION
TO ALAN JONES'S MOTION TO DISMISS

favor of entertaining the suit.  There is no question that the contract dispute between the parties is not an abstract or hypothetical disagreement.  *See Molde-Duque v. HH Riverside Prop. LLC*, 2021 WL 2791612, at *4 (C.D. Cal. Apr. 2, 2021) (finding jurisdiction when contract dispute was concrete).  Jones has demanded his options and has threatened legal proceedings.  Jones's claims impact Light Field Lab's other Plan allocations, its ability to recruit and retain other employees, and ability to press forward with its business, as discussed above.  Light Field Lab faces duplicate attorney's fees if Jones attempts to seek his options in arbitration, in violation of the Plan's venue provision.  Dkt. No. 1 at ¶ 4.  Maintaining this suit will settle the Plan controversy and serve a useful purpose in clarifying the parties' legal relations at issue, which weighs in favor of entertaining the suit.  "[T]his is precisely the type of case for which declaratory relief is appropriate."  *See Molde-Duque,* 2021 WL 2791612, at *4 (internal citation omitted); *see also Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 242 (1937) (repeated claims to rights under insurance contracts, no suit is brough, and DJ Plaintiff sought to dispel the cloud of the claim).

### 3.  Light Field Lab, as a Party to the Contract, Has Standing

"On a motion to dismiss for lack of standing, a district court must accept as true all material allegations in the complaint and must construe the complaint in the nonmovant's favor." *See Clear Channel Outdoor, Inc. v. Bently Holdings California LP*, No. C-11-2573 EMC, 2011 WL 6099394, at *3 (N.D. Cal. Dec. 7, 2011) (citation omitted).  The Complaint alleges all fact necessary to establish standing.

As a party to the contract (Plan), Light Field Lab has standing to protect its contractual rights.  "It is hornbook law that only the parties to a contract can enforce it and that they may enforce it against only the parties to the contract."  *Copiers Typewriters Calculators, Inc. v. Toshiba Corp*., 576 F. Supp. 312, 322 (D. Md. 1983).  Jones's failure to abide by the Plan's terms is a particular, concrete and present injury, the injury is traceable to Jones's conduct, and the injury to Light Field Lab can be redressed with a favorable ruling that it owes Jones no options under the Plan.   All elements of standing are satisfied.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

15

Case No. 4:23-cv-05344-YGR
PLAINTIFF LIGHT FIELD LAB'S OPPOSITION
TO ALAN JONES'S MOTION TO DISMISS

### C. Jones Rule 12(b)(6) Motion Should Be Denied

#### 1. The Complaint Includes All Elements Required to State a Claim

In considering a Rule 12(b)(6) motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party. *See Clear Channel Outdoor*, 2011 WL 6099394, at *6, citing *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). A complaint need not contain detailed factual allegations, but it must plead enough facts to state a plausible claim to relief. *Id*. (internal citation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Id*. (internal citations omitted).

The complaint pleads all required elements of the single contract claim. *See* Dkt. No. 1 at ¶¶ 4, 9-19, 22-24.

The motion to dismiss makes irrelevant factual allegations that are outside the pleading and insufficient for dismissal. Jones's arguments that his administrative remedies have not been exhausted, he was wrongfully terminated, his threats to sue are privileged, and that the complaint does not include evidence of threats to sue, are arguments. None go to the sufficiency of the pleading. With no pleading challenge presented, Jones's motion should be denied.

#### 2. Rule 408 is Inapplicable to a Motion to Dismiss, and Has Not Been Violated

Federal Rule of Evidence 408 excludes settlement evidence if offered to prove liability or to prove damages but does not require exclusion when evidence is offered for another purpose. *See ABM Indus., Inc. v. Zurich Am. Ins. Co.*, 237 F.R.D. 225, 228 (N.D. Cal. 2006). One of the allowed purposes is to establish jurisdiction. *See Archer v. Kelly*, 271 F.Supp.2d 1320, 1323 (N.D. Okla. 2003), overruled on other grounds by *Dart Cherokee Basin Operating Company, LLC v. Owens*, 574 U.S. 81 (2014) (Defendant could use plaintiff's pre-suit demand letter to establish that plaintiff's claim exceeded amount in controversy requirement for exercise of diversity jurisdiction); *Smith v. Cutler*, 504 F. Supp. 2d 1162, 1167 n. 3 (D.N.M. 2007) ("The Court agrees that the e-mail cannot be admitted to prove liability. It is relevant, however, to the personal jurisdiction issue as it is evidence of Defendant's contact with New Mexico."). Light Field Lab's

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

16

Case No. 4:23-cv-05344-YGR
PLAINTIFF LIGHT FIELD LAB'S OPPOSITION
TO ALAN JONES'S MOTION TO DISMISS

reference to settlement discussions in its complaint is entirely appropriate, not disputed, and entitled to be taken at face value at the pleading stage.

### 3. Jones's Rule 11 Argument Fails

Jones argues that because the complaint does not plead his wrongful termination theory, there has been a Rule 11 violation. (Mot. at 12). The argument lacks merit for three reasons. *First*, and fundamentally, Light Field Lab is not required to plead Jones's supposed intent to institute employment arbitration in its contract-based pleading. *Second*, Jones failed to comply with Rule 11's "safe harbor" rules; he did not serve the motion 21 days prior to filing. Fed. R. Civ. P. 11(c)(1)(A). The court should disregard Jones's Rule 11 argument on that basis alone. *See Martinez v. Riser*, 2023 WL 6787439, at *2 (C.D. Cal. July 24, 2023). *Finally*, the Rule 11 argument is not grounded in Rules 12(b)(1) or Rule 12(b)(6) and therefore has no place in a motion to dismiss.

### 4. There Has Been No Lack of Prosecution

After spending most of his brief complaining that Light Field Lab is prosecuting its claim, Jones asks for dismissal for lack of prosecution. (Mot. at 11-12). A case may only be dismissed for lack of prosecution if (1) the case is not being pursued, and (2) there are "extreme circumstances of unreasonable delay." *Hernandez v. City of El Monte*, 138 F.3d 393, 400 (9th Cir. 1998). Jones's argument is that Light Field Lab's delay in filing its disclosure of interested entities merits dismissal. (Mot. 12). Light Field Lab's inadvertent failure to file its Certificate of Interested Entities is not extreme circumstances or unreasonable delay. The Certificate has since been filed. The argument is devoid of merit.

### 5. The Parties' Dispute is Not Moot

After arguing that the issue is not even yet ripe, Jones argues at the other end of the spectrum—that it has become moot. (Mot. at 13). "A case is moot when the "parties lack a legally cognizable interest in the outcome." *Johnson v. Rancho Santiago Cmty. Coll. Dist.*, 623 F.3d 1011, 1020 (9th Cir. 2010). This case is not moot.[4] Light Field Lab has a strong interest in

---

[4] Light Field Lab provided Jones with a Release and Covenant Not to Sue that would allow him to

1  the outcome, as it will impact its Plan and resolve the stock option dispute with Jones.  Jones has
2  an interest in the outcome as it will determine his rights, or lack thereof, to stock options after his
3  separation from Light Field Lab.  A real, live dispute remains.  Nothing in Jones's motion shows
4  otherwise.

### D. Jones's Rule 8 Arguments Are Procedurally Improper

Jones's Rule 12 motion to dismiss includes a reference to Fed. Rule. Civ. P. 8.  (Mot. at 6).  Rule 8 has no place in a Rule 12 dismissal motion.

Jones has not filed an Answer.  The "counterclaims" referenced in the motion to dismiss should be disregarded as there is no operative pleading to sponsor the claims.  If Jones argues otherwise in his reply, then his motion to dismiss should be denied because it was not filed *before* his Answer.  *See* Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.") (emphasis added).  Jones should be instructed to file an answer after the motion to dismiss is decided.  Light Field Lab will respond to the alleged counterclaims once they are properly pleaded.  At present, the improper "counterclaims"  must be disregarded for purposes of Jones's Rule 12 motion.

### E. Leave to Amend

If a complaint is dismissed, "[the] district court should grant leave to amend even if no request to amend the pleading was made[.]" *Ebner v. Fresh, Inc*., 838 F.3d 958, 962 (9th Cir. 2016).  If the Court finds a defect in the complaint as presently filed, Light Field Lab requests leave to amend.

### IV. CONCLUSION

For all the forgoing reasons, Light Field Lab respectfully submits that Jones's motion to dismiss should be denied.

---

proceed with his employment claims, while acknowledging he had no right to post-termination stock options.  Jones would not sign the agreement, providing further evidence that he remains insistent on claiming an entitlement under the Plan.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

18

Case No. 4:23-cv-05344-YGR
PLAINTIFF LIGHT FIELD LAB'S OPPOSITION
TO ALAN JONES'S MOTION TO DISMISS

| | | |
|---|---|---|
| Dated: January 2, 2024 | | BURKE, WILLIAMS & SORENSEN, LLP |
| | By: | *[signature]* |
| | | Patricia L. Peden |
| | | Ghazaleh Modarresi |
| | | Attorneys for Light Field Labs |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

19

Case No. 4:23-cv-05344-YGR
PLAINTIFF LIGHT FIELD LAB'S OPPOSITION
TO ALAN JONES'S MOTION TO DISMISS