FRANK S. MOORE, SBN 158029
Law Offices of Frank S. Moore, APC
235 Montgomery Street, Suite 440
San Francisco, California 94104
Telephone:    (415) 292-6091
Facsimile:    (415) 292-6694
fsmoore@pacbell.net

Attorneys for Defendant Alan Jones

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIGHT FIELD LAB,<br><br>          Plaintiff,<br><br>    vs.<br><br>ALAN JONES,<br><br>          Defendant. | No. 4:23-CV-05344-YGR<br><br>**DEFENDANT ALAN JONES'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>[Fed. R. Evid. 201]<br><br>Date:   February 13, 2024<br>Time:   2:00 p.m.<br>Place:  Courtroom 1 – 4th Floor<br><br>Honorable Yvonne Gonzalez Rogers |

TO: THE CLERK OF THE COURT AND PLAINTIFF LIGHT FIELD LAB. PLEASE TAKE NOTICE THAT on February 13, 2024, at 2:00 p.m., or as soon thereafter as the matter may be heard in the Oakland Courthouse, Courtroom 1 – 4th Floor, 1301 Clay Street, Oakland, California, defendant ALAN JONES hereby requests, pursuant to Rule 201 of the Federal Rules of Evidence, that the Court take judicial notice of the following items in connection with Defendant's Special Motion to Strike Plaintiff's Complaint Pursuant to California's Anti- SLAPP Statute (California Code of Civil Procedure section 425.16) and Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction (Fed. R. Civ. Pro. 12(b)(1) and/or 12(b)(6)):

1. Exhibit "A" – Complaint filed by plaintiff LIGHT FIELD LAB in this action filed on October 19, 2023 (Dkt. #1).

2. Exhibit "B" – July 12, 2023 Letter from Alex Buerger, Esq., to COO John Dohm.

3. Exhibit "C" – Email correspondence between Alex Buerger, Esq., counsel for defendant ALAN JONES and counsel for plaintiff LIGHT FIELD LAB July 12, 2023 through October 12, 2023.

4. Exhibit "D" – Defendant ALAN JONES's correspondence sent to and received from the EEOC related to his employment-discrimination/retaliation claims.

5. Exhibit "E" – Email correspondence from plaintiff LIGHT FIELD LAB's counsel sent to defendant ALAN JONES in response to the latter's Motion for a More Definite Statement (Dkt. #21).

6. Exhibit "F" – RELEASE AND COVENANT NOT TO SUE presented to defendant ALAN JONES by plaintiff LIGHT FIELD LAB's counsel after the Complaint in this action (Dkt. #1) was initiated in this matter.

7. Exhibit "G" – LIGHT FIELD LAB'S Opposition to Defendant Alan Jones's Motion for a More Definite Statement (Dkt. #22).

8. Exhibit "H" – Defendant ALAN JONES's administrative complaint and right to sue letter initiated and received from the California's Civil Rights Department related to his employment-discrimination/retaliation claims.

Facts subject to judicial notice include those that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Courts regularly take judicial notice of "undisputed matters of public record, including documents on file in federal or state courts." *Harris v. Cty. of Orange,* 682 F.3d 1126, 1131-32 (9th Cir. 2012) (internal citations omitted); *Lee v. City of Los Angeles,* 250 F.3d 668, 688-89 (9th Cir. 2001); *Kurtz v. Intelius, Inc.,* 2011 U.S.Dist.LEXIS 101922, *3-*4 (E.D.Cal. Sept. 9, 2011). Exhibits "A" and "G" are court records from this action pending

*LIGHT FIELD LAB v. ALAN JONES,*  Case No. 4:23-CV-05344-YGR
DEFENDANT ALAN JONES'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION

2

actions in the Northern District of California.

Information made publicly available by government entities is also subject to judicial notice. See *Daniels-Hall v. Nat'l Educ. Ass'n,* 629 F.3d 992, 998-99 (9th Cir. 2010); Teixeira v. Cty. of Alameda, 873 F.3d 670, 676 n.6 (9th Cir. 2017). Exhibits D and H are correspondence, administrative complaint and right to sue letters made publicly available through the websites of the EEOC and the Civil Rights Department, respectively.  In sum, the above items meet the requirements of Rule 201(b)(2) of the Federal Rules of Evidence, and therefore, the Court must take judicial notice of them pursuant to Rule 201(c)(2) of the Federal Rules of Evidence.

For motions pursuant to Rule 12(b), if the documents are not physically attached to the complaint, they may be considered if the documents' "authenticity . . . is not contested," are not subject to reasonable dispute and "the plaintiff's complaint necessarily relies" on them. *Sherman v. Stryker Corp.,* 2009 WL 2241664 at *2 (C.D.Cal.2009) (citing *Lee, supra,* 250 F.3d at 688 and Fed.R.Evid. 201. Exhibits B through C and E are such documents given they were referenced by plaintiff LIGHT FIELD LAB's counsel in response to defendant ALAN JONES' Motion for a More Definite Statement (Dkt. #21) in both Exhibit "E" and "F" hereto.  Moreover, under California case law, the court, in ruling on a special motion to strike the Complaint as a SLAPP lawsuit, the court may "pierce the pleadings" and consider evidence, without weighing it, to determine whether the moving party has made the initial evidentiary burden that the gravamen of the offending complaint "arises from an act in furtherance of defendant's right of petition or free speech." *Braun v. Chronicle Publ'g Co.*, 52 Cal.App.4th 1036, 1042-43 (1997).

Dated: January 5, 2024                    Respectfully submitted,



/s/ Frank S. Moore
Frank S. Moore
Attorney for defendant Alan Jones

# CERTIFICATE OF SERVICE

This is to certify that on the 5th day of January 2024, I electronically filed the foregoing DEFENDANT ALAN JONES'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION using the Court's CM/ECF filing system which sends notification of such filing to all parties and/or counsel of record.

Patricia L. Peden (SBN 206440)
E-mail: ppeden@bwslaw.com
Ghazaleh Modarresi (SBN 259662)
E-mail: gmodarresi@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1999 Harrison Street, Suite 1650
Oakland, California 94612-3520

Counsel for plaintiff LIGHT FIELD LAB

Dated: January 5, 2024                    Law Offices of Frank S. Moore

                                          */s/Frank S. Moore*
                                          Frank S. Moore
                                          Attorney for defendant Alan Jones