FRANK S. MOORE, SBN 158029
Law Offices of Frank S. Moore, APC
235 Montgomery Street, Suite 440
San Francisco, California 94104
Telephone:      (415) 292-6091
Facsimile:       (415) 292-6694
fsmoore@pacbell.net

Attorneys for Defendant Alan Jones

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| LIGHT FIELD LAB,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ALAN JONES,<br><br>　　　　Defendant. | No. 4:23-CV-05344-YGR<br><br>**DECLARATION OF COUNSEL FRANK S. MOORE IN SUPPORT OF DEFENDANT ALAN JONES'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**<br><br>[Fed. R. Civ. Pro. 12(b)(1) and/or 12(b)(6)]<br><br>Date:　January 30, 2024<br>Time:　2:00 p.m.<br>Place:　Courtroom 1 – 4th Floor<br><br>　　　Honorable Yvonne Gonzalez Rogers<br><br>**DEMAND FOR JURY TRIAL** |
|---|---|

I, Frank S. Moore, hereby declare:

1.　I am counsel for record for the named defendant in this action. If called as a witness I could and would testify to the matters set forth herein as true and correct under penalty of perjury based on my own personal knowledge. I make this declaration in support of Defendant's Reply to Plaintiff's Opposition to Motion to Dismiss.

2.　I was first contacted by defendant Alan Jones in this matter on December 26, 2023, who was representing himself in *pro se*. I could not promise Mr. Jones I would represent him in this matter until I was able to review the pleadings and the evidence in sufficient detail which, given the holidays,

1  would be unlikely to be possible until after the holidays. I was not formally retained until December 29, 2023.

3.  After review of the pleadings and evidence in this matter, I was able to draft two motions to file in anticipation of filing a Notice of Appearance in this matter on January 2, 2024, the latter of which I filed. Dkt. #27. I could not discern from the Northern District of California's Civil Local Rules as to whether a Notice of Appearance was sufficient for a defendant representing himself in *pro per* or whether a Substitution of Counsel was also required as the local rules does not address that specific scenario. I therefore contacted the Judge Yvonne Gonzalez Rogers's clerk to ask for guidance and was informed that a Substitution of Counsel would be required which also requires the judge's signature approving the substitution before I could make a formal appearance in this matter. I submitted the Substitution of Counsel that same day on January 2, 2024. Dkt. #28.

4.  The Substitution of Counsel was not signed by Judge Rogers until January 4, 2024, upon which I filed Defendant's Special Motion to Strike Plaintiff's Complaint Under California's SLAPP Statute (Dkt. #31) and a Second Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. #32). Plaintiff's Opposition to Defendant's First Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. #23) was due on January 2, 2024, which was filed on that date. Dkt. #29.

5.  I had researched and understood that lack of subject-matter jurisdiction is never waived and may be raised by either party or the court at any time. *Attorneys Trust v. Videotape Computer Products, Inc.,* 93 F.3d 593, 594–95 (9th Cir.1996). I also researched and understood that Rule 12(h)(3) allows the Court to consider subject matter jurisdiction issues at any time, and therefore there would not appear to be any prohibition from successive Rule 12(b)(1) and 12(b)(6) motions. See *CNSP, Inc. v. City of Santa Fe,* 2018 WL 813409 at *2 (D. N.M. February 9, 2018) (court may consider the Rule 12(b)(1) assertion raised in second motion to dismiss); *In re Apple iPhone Antitrust Litigation,* 846 F.3d 313, 319 (9th Cir. 2017) (successive Rule 12(b)(6) motions allowed where not interposed for delay and that addressing it would expedite disposition of the case on the merits).

6.  As a result, I did not advise or instruct Alan Jones as a *pro se* litigant to withdraw his pending motion to dismiss before plaintiff's opposition was due on January 2, 2024, pursuant to N.D. Cal. L.R. 7-7, because I was not authorized to present anything before this Court before substitution of

counsel was granted on January 4, 2024 (Dkt. #30) and I did not want to prejudice the meritorious parts of defendant's motion of which exist. However, as Mr. Jones's counsel, I am authorized to withdraw the Rule 11, the "Lack of Prosecution" and "Mootness" arguments in his First Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. #23) which are hereby withdrawn, except for the argument and assertion he makes at the beginning of his motion: "The disagreement which precipitated Plaintiff's complaint was an allegation of disability discrimination and retaliation." Dkt. #23, p. 1. I am also authorized to withdraw all of the "Counterclaims" averred in Dkt. #23 which are reserved and will be presented in a separate pleading if the Court retains jurisdiction over this matter and defendant's answer becomes due.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct dated this 8th of January, 2024, in Healdsburg, California.

/s/ Frank S. Moore
Attorney for Defendant Alan Jones

# CERTIFICATE OF SERVICE

This is to certify that on the 8th day of January 2024, I electronically filed the foregoing DECLARATION OF COUNSEL FRANK S. MOORE IN SUPPORT OF DEFENDANT ALAN JONES'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS using the Court's CM/ECF filing system which sends notification of such filing to all parties and/or counsel of record.

Patricia L. Peden (SBN 206440)
E-mail: ppeden@bwslaw.com
Ghazaleh Modarresi (SBN 259662)
E-mail: gmodarresi@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1999 Harrison Street, Suite 1650
Oakland, California 94612-3520

Counsel for plaintiff LIGHT FIELD LAB

Dated: January 8, 2024                         Law Offices of Frank S. Moore

                                               */s/Frank S. Moore*
                                               Frank S. Moore
                                               Attorney for defendant Alan Jones