Patricia L. Peden (SBN 206440)
Email: ppeden@bwslaw.com
Ghazaleh Modarresi (SBN 259662)
Email: gmodarresi@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1999 Harrison Street, Suite 1650
Oakland, CA 94612-3520
Tel: 510.273.8780
Fax: 510.839.9104

Attorneys for Plaintiff *Light Field Lab*

Law Offices of Frank S. Moore
Frank S. Moore (SBN 158029)
Email: fsmoore@pacbell.net
235 Montgomery St., Suite 440
San Francisco, CA 94104
Tel: 415.292.6091
Fax: 415.292.6694

Attorney for Defendant *Alan Jones*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Light Field Lab,<br><br>             Plaintiff,<br><br>v.<br><br>Alan Jones, an individual,<br><br>             Defendant. | **CASE NO. 4:23-cv-05344-YGR**<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

The parties to the above-captioned matter submit this Joint Case Management Statement pursuant to the Standing Order for all Judges of the Northern District of California, and Civil Local Rule 16-9.

The parties held a telephonic Rule 26(f) conference on January 10, 2024, at 2:00 p.m. Lead counsel for both parties participated in the conference.

1    **1.    Jurisdiction & Service:**

2    Jurisdiction:

3    Light Field Lab pleads that this Court has subject matter jurisdiction pursuant to 28 U.S.C.

4    §§ 1332(a)(1), 2201(a).

5    Jones disputes subject matter jurisdiction.  Section 2201, the Declaratory Judgment Act,

6    does not create an independent cause of action. *Davis v. United States,* 499 F.3d 590, 594 (6th

7    Cir. 2007) (citing *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671 (1950) ("The

8    operation of the Declaratory Judgment Act is procedural only."))

9    The Court has personal jurisdiction over all parties.

10    Service

11    Jones has been served.  No defendants remain to be served.

12    Jones intends to file counterclaims but he has not yet answered the complaint (two motions

13    to dismiss are pending).  Light Field Lab has not been served with counterclaims.

14    **2.    Facts:**

15    Plaintiff's Factual Statement:

16    Light Field Lab seeks a judicial declaration that Alan Jones, a former employee, is not

17    entitled to receive stock options after he failed to exercise them in accordance with the company's

18    plan requirements.

19    Jones was an at will employee, with no written guarantee of continued employment.  While

20    an employee, Jones accepted stock option grants under Light Field Lab's 2017 Stock Incentive Plan

21    ("Plan").  The Plan Documents stipulate that stock options "are extraordinary items" that do not

22    constitute regular compensation for services rendered to the Company.  The Plan documents are

23    clear that if Jones was involuntary terminated, he had three months to exercise his options.  Jones

24    did not exercise his options during the three month period as required.  He has therefore forfeited

25    all rights.

26    Jones hired an attorney and threatened to sue Light Field Lab to receive his options, threats

27    that continue to the present.  Jones anticipates bringing employment claims, which could give rise

28    to lost wages damages.  But, employment claims—even if successful—will not entitle Jones to

1   exercise his expired options.  Stock options (contract) are not wages (employment damages).  *See*

2   *International Business Machines Corp. v. Bajorek*, 191 F.3d 1033, 1039 (9th Cir. 1999).  The stock

3   options are a matter of contract and, per the Plan's express terms, are required to be litigated in

4   California Court.

5          Light Field Lab seeks a judicial determination of its rights and obligations under the

6   Plan/contract documents.  It must have resolution because company options are finite, and Jones's

7   claim must be resolved so the company can allocate the options to recruit and retain other

8   employees.  Moreover, Light Field Lab seeks to avoid the risk and cost of Jones's litigation over

9   options that he cannot recover under any legal theory.

10         Defendant's Factual Statement:

11         Defendant contends that Light Field Lab's has fundamentally misconstrued the dispute

12  between the parties which began when his prior lawyer sent a demand letter to resolve

13  discrimination/retaliation and other torts ("employment-related claims") arising from his

14  employment with Light Field Lab.  Jones's lawyer never made a contract-related claim for lost

15  stock options in his demand letter nor in any of the settlement negotiations that followed.  And he

16  won't in the future.  The only time exercising options was even considered was when negotiations

17  were ongoing before they lapsed and that was at the suggestion of Light Field Lab's lawyer.

18         Rather, as his previous lawyer always and consistently claimed, the lost stock options as a

19  result of discrimination/retaliation was a potential source for lost compensation as a form of

20  damages recoverable from his employment-related claims. See *Cloud v. Casey,* 76 Cal.App.4th

21  895, 901 (1999) (lost stock options awarded as damages under FEHA); *Oliver v. Microsoft*

22  *Corporation,* 2012 WL 12921328 at *1 (N.D. Cal. September 25, 2012) (same); *Scarfo v.*

23  *Cabletron Systems, Inc.,* 54 F.3d 931, 953 (1st Cir. 1995) (stock options have been considered

24  "other compensation" as a part of recoverable damages under Title VII).

25         Light Field Lab's one cause of action under the Declaratory Judgment Act does not

26  constitute a case in controversy for the simple fact that the subject matter Light Field Lab claims

27  it is about was made out of whole cloth: Jones has not and will not make any argument from his

28  employment-related claims that requires an interpretation of Light Field Lab's Plan/contract

documents nor has he or will he demand his lost stock options be exercised due to the obvious fact that the right to do so have expired. Jones contends this suit is retaliatory.

**3.    Legal Issues:**

Plaintiff's Statement of Legal Issues:

The only legal issue is contract interpretation.  The Plan documents are fully integrated contracts.  Light Field Lab seeks a judicial determination that it has no further obligations to Jones under the Plan documents.

Defendant's Statement of Legal Issues:

The legal issues raised by Light Field Lab's one cause of action under the Declaratory Judgment Act involve whether it arises out of his pre-litigation conduct he authorized his lawyer to engage in to pursue a settlement of his employment-related claims to embrace California's anti-SLAPP statute, whether Light Field Lab is attempting to impose on Jones a split of his primary rights in his chose of action in violation of California's primary rights doctrine, whether he is entitled to a merits-based immunity from suit under the *Noerr-Pennington* doctrine and California's litigation privilege, whether Rule 408 of the Federal Rules of Evidence prevent Light Field Lab from putting on admissible evidence to prove its claim, whether Light Field Lab has standing under the Declaratory Judgment Act and whether, if this Court determines subject matter jurisdiction is extant, whether the actual case in controversy meets the "logical relationship test" under Rule 13 of the Federal of Rules of Civil Procedure compelling Jones to file a compulsory counterclaim or risk waiving them, and if so, did Light Field Lab waive the arbitration of employment-related claims due to its conduct in this case.

**4.    Motions:**

On November 22, 2023, Jones filed a motion for extension of time to Answer.  (Dtk. No. 12).  Light Field Lab filed a non-opposition.  (Dtk. No. 17).  The motion was granted.

On December 4, 2023, Jones filed a Motion for Definite Statement.  (Dkt. No. 21).  Light Field Lab filed its opposition on December 13, 2023.  (Dkt. No. 22).  No Reply was filed.  The motion remains pending.

On December 18, 2023, Jones filed a motion to dismiss.  (Dkt. No. 23).  Light Field Lab

filed its opposition on January 2, 2024.  (Dkt. No. 29). Jones filed his Reply on January 8, 2024 (Dkt. No. 38).  The motion is pending.

On January 5, Jones filed a special motion to strike under California's Anti-SLAPP statute. (Dkt. No. 31).  Light Field Lab's opposition is due on January 19.  Jones's Reply is due on January 26.  The motion is pending.

On January 5, 2024, Jones filed a second motion to dismiss for lack of jurisdiction.  Light Field Lab's opposition is due on January 19.  Jones's Reply is due on January 26.  The motion is pending.

All of Jones's pending motions are set for hearing on February 13, 2024 at 2:00 pm.

The parties anticipate filing motions for summary judgment after some discovery has been completed.

The parties anticipate a possible motion to compel arbitration.  Jones anticipates resistance to such a motion on waiver grounds.

**5.    Amendment of Pleadings:**

To the extent any part of Defendant's motion to dismiss is granted, and leave is given to amend the complaint, Plaintiff intends to do so.  Plaintiff does not expect to add or dismiss parties, claims, or defenses.  Plaintiff's proposed deadline to amend the pleadings is set forth in the schedule below.

Defendant has not filed an answer.  Should the challenge to subject matter jurisdiction or SLAPP motion not dispose of the case, Defendant will file an answer. The counter-claims he intends to pursue would, in the first instance, be in the nature of declaratory relief to determine whether he must pursue his employment-related claims in this forum under the dictates of Rule 13 of the Federal of Rules of Civil Procedure and, depending on whether that Declaratory Judgment Act claim states a case in controversy, he may need to amend his answer and counter-claims, depending on the outcome of that determination.

**6.    Evidence Preservation:**

Light Field Lab issued a written document preservation notice at the outset of this litigation. It has taken steps to preserve relevant evidence, including electronically stored information ("ESI")

1    that is believed to be reasonably related to the issue in this action.

2            Defendant's counsel instructed Jones to contact his prior counsel to obtain communication

3    with Plaintiff's counsel.  Based on the complaint, Defendant believes those communications are

4    the only relevant documents at this time.

5            The parties have met and conferred about ESI and do not believe the scope of discovery

6    will be unreasonably burdensome.

7    **7.      Disclosures:**

8            The parties have not made Rule 26(a) disclosures.  No party objects that initial disclosures

9    are inappropriate in this case.  Plaintiff proposes providing initial disclosures on February 20, 2024,

10   which is one week after the hearing on Defendant's pending motions.

11   **8.      Discovery:**

12           No discovery has been taken to date. At present, there are no known discovery disputes.

13           Jones anticipates the possibility of a dispute over whether a stay of discovery until the

14   pleadings are settled given that it is Jones's view that nothing that Light Field Lab can allege can

15   cure the many subject matter jurisdiction issues and merits-based immunity defenses that are the

16   current subject of the pending motions to dismiss and special motion to strike under California's

17   anti-SLAPP statute.  Should an interlocutory appeal be pursued on a denial of his special motion

18   to strike under the anti-SLAPP statute (*Langer v. Kiser,* 57 F.4th 1085, 1104 (9th Cir. 2023) [an

19   order denying a motion to strike under an anti-SLAPP law is a collateral order subject to

20   immediate interlocutory appeal]) and this Court does not dismiss on jurisdictional grounds, Jones

21   anticipates staying discovery under that scenario as well.  Jones points the Court to a split in the

22   district court on whether jurisdiction remains during an interlocutory appeal of the denial of a

23   SLAPP statute (*Schering Corp. v. First DataBank Inc.,* 2007 WL 1747115, at *4 (N.D. Cal. June

24   18, 2007) [in favor, J. Alsup] and *WhatsApp Inc. v. NSO Group Technologies Limited,* 491

25   F.Supp.3d 584, 593-594 (N.D. Cal. 2020) [contra, J. Hamilton].)

26            The parties anticipate discovery will include interrogatories, requests for admission, and

27   requests for production of documents, including electronic documents.

28           Light Field Lab anticipates it will depose Mr. Jones.

Jones anticipates deposing Light Field Lab's lead counsel, Patricia Peden, and his former attorney, Alex Buerger.

The parties do not request any changes in the form for disclosures under Rule 26.

The parties do not seek any modification to the discovery limits imposed by the Federal Rules of Civil Procedure.

The parties do not think they need a separate e-discovery plan.  The parties agree to meet and confer to discuss e-discovery issues.

The parties have not yet entered into a protective order but intend to do so, with respect to confidential documents produced in this litigation.  The Parties have discussed using the Northern District of California's Model Protective Order.

Pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), the Parties agree to service via email in lieu of personal service or service by U.S. Mail.

The parties have proposed discovery deadlines as set forth in the schedule below.

**9.**    **Class Actions:**

Not applicable.

**10.**    **Related Cases:**

The parties are not aware of any related cases.

**11.**    **Relief:**

Plaintiff's Requested Relief:

A judicial declaration that Jones is not entitled to receive, or to exercise, or to any value associated with Light Field Lab stock options.

Defendant's Requested Relief:

Jones is entitled to dismissal of the Complaint for, among other bases, Light Field Lab's lack of standing under the Declaratory Judgment Act, the operation of the *Noerr-Pennington* doctrine, California's litigation privilege and protections under the anti-SLAPP statute. Should the Court not grant his special motion to strike resulting in such a dismissal and/or does not moot the motion by finding it has jurisdiction, Jones intends to pursue an interlocutory appeal which he is entitled to under the collateral order rule.

1  **12.    Settlement and ADR:**

2      Light Field Lab agrees to mediate using the Court's panel of mediators.

3      Jones does not comprehend what could be mediated given that only the district court has

4  the power to provide the declaratory relief sought and Jones cannot agree that he demands the

5  exercise of lapsed stock options because that is factually false. See *Abrahams v. Hard Drive*

6  *Productions, Inc.,* 2012 WL 5499853 at *4 (N.D. Cal. November 13, 2012) (where defendant

7  agrees that it will not sue based on the assertion the plaintiff claims it will, the plaintiff cannot

8  establish that it has a "real and reasonable apprehension" of suit as to its claim for declaratory

9  relief).   Thus, even if Jones and Light Field Lab agreed at mediation that declaratory relief is

10 appropriate, Jones will not and cannot assert he made a contractual claim to lost stock options since

11 the contention is untrue and the parties cannot stipulate to afford a district court subject matter

12 jurisdiction. *Janakes v. U.S. Postal Serv.,* 768 F.2d 1091, 1095 (9th Cir. 1985) ("[T]he parties

13 cannot by stipulation or waiver grant or deny federal subject matter jurisdiction").

14     Should the district court inform Jones that he must litigate his employment-related claims

15 in this forum, he will need extensive discovery before mediation assuming all outstanding legal

16 issues are resolved against him from the pending motions and the matter is not in the Ninth Circuit

17 on an interlocutory appeal. The parties propose a mediation date after all outstanding legal issues

18 are resolved against Jones from the pending motions and the matter is not in the Ninth Circuit on

19 an interlocutory appeal and Jones' employment-related claims are before this district court.

20 **13.    Other References:**

21     At this time, the parties do not believe the case is suitable for reference to binding

22 arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

23 **14.    Narrowing of Issues:**

24     At this time, other than the issues raised in Defendant's motions to dismiss and anti-SLAPP

25 motion, the parties have not identified any issues that can be narrowed by agreement or motion.

26 The parties remain open to meeting and conferring regarding the potential narrowing of issues

27 where feasible to reduce the burden associated with discovery in the matter.

28

**15.    Scheduling:**

The parties propose the following case management schedule:

| Event | Plaintiff's Proposal | Defendants' Proposal |
|---|---|---|
| Rule 26(a) Initial disclosures | February 20, 2024 | February 20, 2024 (witnesses only) |
| Substantial completion of document production | March 15, 2024 | March 15, 2024 (assuming the matter is not in the Ninth Circuit on an interlocutory appeal) |
| ADR deadline | March 29, 2024 | To be determined based on whether case survives and/or after an interlocutory appeal, if necessary, is exhausted |
| Deadline to amend pleadings | April 30, 2024 | To be determined based on whether case survives and/or after an interlocutory appeal, if necessary, is exhausted |
| Discovery cut-off | June 28, 2024 | To be determined based on whether case survives and/or after an interlocutory appeal, if necessary, is exhausted |
| Parties to designate experts and serve opening expert reports on matters for which they bear the burden of proof | July 31, 2024 | To be determined based on whether case survives and/or after an interlocutory appeal, if necessary, is exhausted |
| Parties to serve rebuttal expert reports | August 30, 2024 | To be determined based on whether case survives and/or after an interlocutory appeal, if necessary, is exhausted |
| Close of expert discovery | September 16, 2024 | To be determined based on whether case survives and/or after an interlocutory appeal, if necessary, is exhausted |
| Last day to file dispositive motions | October 11, 2024 | To be determined based on whether case survives and/or after an interlocutory appeal, if necessary, is exhausted |
| Final pre-trial conference | As set by the Court | As set by the Court |
| Trial | As set by the Court | As set by the Court |

**16:    Trial:**

Light Field Lab contends that the case can be tried in a bench trial.

Jones has made a request for jury trial pursuant to Civil L.R. 3-6; Fed. R. Civ. Pro. 38(b).

1   Dkt. #35.  The Declaratory Judgment Act "preserves the right to jury trial for both parties."

2   *Beacon Theatres, Inc. v. Westover, 359* U.S. 500, 504 (1959). Jones submits that an extra day

3   would be necessary to choose a jury should this matter go to trial.

4        The parties anticipate the length of trial to be two-four days if the case in controversy is

5   solely about whether Jones ever made a contractual-based claim over stock options.  Should Jones

6   be compelled to bring his employment-related claims for adjudication in this forum, he

7   anticipates a 10-day jury trial.

8   **17.    Disclosure of Non-party Interested Entities Or Persons:**

9        Both parties have filed their Certificate of Interested Entities or Persons as required by

10  Civil Local Rule 3-15.  Both parties have certified that to the best of their knowledge, other than

11  the named parties, there is no such interest to report.

12  **18.    Professional Conduct:**

13       All attorneys of record for the parties have reviewed the Guidelines for Professional

14  Conduct for the Northern District of California.

15  **19:    Other Matters:**

16       None.

17  Dated:    January 16, 2024          **BURKE, WILLIAMS & SORENSEN, LLP**

18                                        **/s/** Patricia L. Peden
                                          Patricia L. Peden
19                                        Ghazaleh Modarresi
                                          Attorneys for Plaintiff LIGHT FIELD LAB
20

21  Dated:    January 16, 2024          **Law Offices of Frank S. Moore**

22                                        /s/ Frank S. Moore
                                          Frank S. Moore
23                                        Attorney for defendant ALAN JONES

24                                 **ATTESTATION**

25       Under Northern District of California Civil Local Rule 5-1(i)(3), I attest that I obtained

26  concurrence in the filing of this document from all of the above signatories.

27

28                                 By:    /s/
                                          Patricia L. Peden

- 10 -          Case No. 4:23-cv-05344-YGR
                JOINT CASE MANAGEMENT STATEMENT