1  Patricia L. Peden (SBN 206440)
   E-mail:  ppeden@bwslaw.com
2  Ghazaleh Modarresi (SBN 259662)
   E-mail:  gmodarresi@bwslaw.com
3  BURKE, WILLIAMS & SORENSEN, LLP
   1999 Harrison Street, Suite 1650
4  Oakland, California 94612-3520
   Tel:  510.273.8780    Fax:  510.839.9104
5
   Attorneys for Light Field Lab
6

7

8                    UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

10

11  Light Field Lab,                      Case No. 4:23-cv-05344-YGR

12              Plaintiff,                **DECLARATION OF PATRICIA L.
                                          PEDEN IN SUPPORT OF LIGHT FIELD
13        v.                              LAB'S OPPOSITION TO DEFENDANT
                                          JONES'S SPECIAL MOTION TO STRIKE
14  Alan Jones,                           PLAINTIFF'S COMPLAINT PURSUANT
                                          TO CALIFORNIA'S ANTI-SLAPP
15              Defendant.                STATUTE**

16                                        *Filed concurrently with
                                          LIGHT FIELD LAB'S OPPOSITION TO
17                                        DEFENDANT JONES'S SPECIAL MOTION
                                          TO STRIKE PLAINTIFF'S COMPLAINT
18                                        PURSUANT TO CALIFORNIA'S ANTI-SLAPP
                                          STATUTE*
19
                                          *LIGHT FIELD LAB'S OBJECTIONS TO
20                                        DEFENDANT JONES'S REQUEST FOR
                                          JUDICIAL NOTICE IN SUPPORT OF
21                                        SPECIAL MOTION TO STRIKE
                                          PLAINTIFF'S COMPLAINT PURSUANT TO
22                                        CALIFORNIA'S ANTI-SLAPP STATUTE*

23
                                          Judge:    Hon. Yvonne Gonzalez Rogers
24                                        Date:     February 13, 2024
                                          Time:     2:00 p.m.
25                                        Crtrm.:   Courtroom 1 - 4th floor

26

27

28  4867-4005-8014v1

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

Case No. 4:23-cv-05344-YGR
DECLARATION OF PATRICIA L. PEDEN IN
SUPPORT OF LIGHT FIELD LAB'S
OPPOSITION TO DEFENDANT JONES'S
ANTI-SLAPP MOTION

DECLARATION OF PATRICIA L. PEDEN

I, Patricia L. Peden, declare as follows:

1.    I am a partner with Burke, Williams & Sorensen, LLP, attorneys of record for Light Field Lab.  I have personal knowledge of the facts set forth herein.  If called as a witness, I could and would competently testify to the matters stated herein.  I make this declaration in support of Light Field Lab's Opposition to Alan Jones's Anti-SLAPP Motion.

2.    I attach hereto a May 21, 2019  Declaration of Frank S. Moore in Support of Defendants' Motion For Attorneys' Fees as the Prevailing Parties on Their Special Motion to Strike Plaintiff.  Those at my law firm, working at my direction, located the declaration in the case filed in the Santa Clara County Superior Court, Case Number 17CV308093.  The declaration is attached hereto as **Exhibit 1**.  The declaration was filed in a court proceeding, is on the court's docket, and is subject to judicial notice.  Federal Rule of Evidence 201.  Plaintiff requests the Court take judicial notice of Exhibit 1.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 19th day of January, 2024, at Oakland, California.

_____

Patricia L. Peden

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Oakland

4867-4005-8014v1                                                   1                      Case No. 4:23-cv-05344-YGR
DECLARATION OF PATRICIA L. PEDEN IN
SUPPORT OF LIGHT FIELD LAB'S
OPPOSITION TO ALAN JONES'S ANTI-SLAPP
MOTION

# EXHIBIT 1

Frank S. Moore, Esq., SBN 158029
Law Offices of Frank S. Moore, APC
235 Montgomery Street, Suite 854
San Francisco, California 94104
Telephone:     (415) 292-6091
Facsimile:     (415) 292-6694

Attorneys for Cross-complainant WEN FANG WANG

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 5/21/2019 2:38 PM
Reviewed By: L. Quach-Marcellana
Case #17CV308093
Envelope: 2910257**

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

SANTA CLARA COUNTY - UNLIMITED JURISDICTION

X. YOUNG LAI,

     Plaintiff,

     vs.

WEN FANG WANG, and DOES 1-10,

     Defendant.

)
)
)
)
)
)
)
)
)
)
)
/

CASE NO. 17CV308093

**DECLARATION OF FRANK S. MOORE IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES AS THE PREVAILING PARTIES ON THEIR SPECIAL MOTION TO STRIKE PLAINTIFF X. YOUNG LAI, ESQ.'S FIRST AMENDED COMPLAINT**

[Code Civ. Proc. § 425.16(c))]

Date:   July 18, 2019
Time:  9:00 a.m.
Dept.: 19
        Hon. Peter Kirwan

     I, FRANK S. MOORE hereby declare:

     1.     I am counsel of record for the named defendant in this matter, WEN FANG WANG ("WANG"). I took over as counsel for WANG's former counsel, defendant MICHELLE MELEN, Esq. ("MELEN"). I make this declaration based upon my personal knowledge of the matters stated herein and if called as a witness, I could and would competently state the matters herein as true. This declaration is submitted on behalf of myself and MELEN as prevailing parties within the meaning of Code of Civil Procedure section 425.16, subdivision (c).

2.     I had no involvement in representing WANG in any matter until I was retained on or about February 27, 2018, to represent her on a limited scope basis in a Mandatory Fee Arbitration ("MFA") that was to be held through the Santa Clara County Bar Association Office in San Jose. MELEN was and remains WANG's family law attorney who took over for Plaintiff X. YOUNG LAI's ("LAI") in the matter proceeding in San Mateo County Superior Court, *Wen Fang Wang v. Danny Shin Kim,* Case No. 16-FAM-01113 ("the family law case"). MELEN represented WANG in this matter over Plaintiff LAI's fraud and breach of contract claims in the original complaint until I substituted in as counsel on December 3, 2018. In the parties' special motions to strike, I represented himself and MELEN in the ATTORNEYS' special motion to strike and I represented WANG in her special motion to strike. The same amount of hours claimed herein benefitted all parties on the special motions to strike which disposed of the malicious prosecution, abuse of process and "conspiracy" causes of action.

3.     Plaintiff LAI initially filed a bare bones form complaint against her alleging fraud and breach of contract. The fraud allegations contained nothing more than a bare claim that WANG had misrepresented her financial condition and her marital status. This complaint was filed before WANG requested Mandatory Fee Arbitration and before WANG prevailed in establishing the bona fides of her marriage with her ex-husband after LAI had abandoned her as her lawyer.

4.     When WANG withdrew her MFA request, Plaintiff LAI threatened that he would sue her attorneys representing her interests in the MFA and, indeed, he did just that. On January 14, 2019, Plaintiff LAI filed his First Amended Complaint which added myself and MELEN as "Doe" defendants to three causes for malicious prosecution, abuse of process and "conspiracy" with WANG in those causes of action without complying with Civil Code Section 1714.10.

5.     WANG has limited means to pay attorneys' fees as she has always honestly maintained to Plaintiff LAI, the San Mateo County Superior Court and to me. I agreed to represent WANG in this matter based on a fee schedule menu for flat rates for certain tasks, except for any special motion to strike under California's anti-SLAPP statute which she agreed to be legally responsible for my hourly rate at $500 which, if she was to become a prevailing party on a such a motion, that an award of mandatory fees would be pursued against Plaintiff LAI. I agreed with MELEN that any time expended

1   on the special motion to strike that was of mutual benefit to her as a co-defendant with WANG and I

2   would be asserted on her behalf in a special motion to strike but that any time she, MELEN, spent on

3   the special motion to strike herself she could and would make an application for an award of mandatory

4   fees against Plaintiff LAI.

5       6.     This naming of WANG's attorney in this matter and her attorney in her family law matter

6   created the potential of a conflict of interest necessitating that each counsel obtain the informed written

7   consent of WANG and MELEN to represent them pursuant to Rule 3-110(C) of the California Rules

8   of Professional Conduct.  Because WANG, MELEN and I have a common interest in defending

9   ourselves against the false and frivolous claims made by Plaintiff LAI filed in his First Amended

10  Complaint, there was no actual conflict in my continued representation of WANG and my joint

11  representation of myself and MELEN, the latter who agreed for me to represent her in bringing the

12  special motion to strike and demurrer filed in this action.

13      7.     Despite the lack of substance to his claims, the mischief caused by LAI's failure to

14  comply with Civil Code section 1714.10 with nothing but slanderous assertions of "criminal conduct"

15  against WANG's attorneys caused these attorneys to take them seriously and to demonstrate the myriad

16  of ways LAI could not sustain the causes of action pled against the defendants. Accordingly, the length

17  I went to establish the legal vacuousness of LAI's claims was reasonable under the circumstances

18  reflecting the relative novelty and complexity of the issues raised by LAI's fetid imagination despite

19  their lack of merit.  Based on my experience with other vexatious opponents who have had special

20  motions to strike granted against them, it is probable that the matter will be appealed and, therefore, a

21  fulsome record must be presented to the Superior Court on special motions to strike  with such

22  opponents. Though probably warranted, the defendants do not seek an enhancement to the lodestar

23  despite the vexatiousness of Plaintiff LAI's conduct.

24      8.     I have been licensed to practice law in the State of California since 1992.  I have devoted

25  much of my practice to representing mostly plaintiffs in civil rights, employment, and personal injury

26  cases.  I also represent individuals and small businesses in business litigation.  I also represent clients

27  in criminal matters in state and federal court.

28

9.    I have successfully represented a number of public employees in suits against governmental entities for violation of their First Amendment Rights.  These include *Tayac v. City and County of San Francisco, et al.*, United States District Court for the Northern District of California, Case No. C 95-3424 CAL; *Carter v. Santa Clara County, et al.*, United States District Court for the Northern District of California, Case No. C 94-20829 RMW; *Buckner v. County of Napa, et al.*, United States District Court for the Northern District of California, Case No. C 92-4981 DLJ; and *Caruso v. State of California,* United States District Court for the Eastern District of California, Case No. CIV-S 96-2023 DFL.  I have also represented attorneys in disciplinary proceedings with the State Bar of California.  I also successfully complied with Civil Code Section 1714.10 in obtaining leave to name an attorney in a conspiracy with his client in the matter *Hillview Management, et al. v. Ivan Ancell, et al.,* San Mateo County Superior Court Case No. CIV 407456.

10.    I have successfully brought several special motions to strike under California's anti-SLAPP statute (Code of Civil Procedure Section 425.16) in the following matters: *Prater, et al., v. De la Pena, et al.,* San Francisco County Superior Court Case No. CGC-11-514249; *Cross, Zalud & Greenfield LLP, fka Cross & Zalud LLP v. Caruthers,* San Diego Superior Court Case No. GIC860778; *Henton v. Prentice,* San Francisco Superior Court Case No. CGC-03-419855; I also successfully defended an appeal of a respondent who prevailed in bring a special motion to strike under California's anti-SLAPP statute in *Raffaella Wilson vs. Mark Anthony Ambort,* First Appellate District, Division Four, Case No. A131543 as well as defending the successful orders granting special motions to strike on appeal in *Cross, Zalud & Greenfield LLP, fka Cross & Zalud LLP v. Caruthers,* Fourth Appellate District, Division One,  Case No. D048862 and *Henton v. Prentice,* First Appellate District, Division Two, Case No. A106319.  *Cross* involved a lawyer suing a chiropractor who asserted his lien rights and *Henton* involved an attorney sued by a Superior Court clerk for defamation.  I represented the chiropractor and the lawyer, respectively, in those matters.  In each of these matters, my clients were prevailing parties under California's anti-SLAPP statute and I was awarded fees at my then-current hourly rate.

*LAI v. WANG*                                                                                          Case No.17CV308093

11.    I have defended an individual against the inappropriate use of California's anti-SLAPP statute in the matter *Tessler v. State of California,* San Francisco County Superior Court Case No. 310148, in which the California Attorney General's Office unsuccessfully sought to dispose of my client's case on a special motion to strike which was denied by the Superior Court.  The Attorney General appealed the Superior Court's decision and the denial was upheld on appeal by the California Court of Appeals, First Appellate District, Division Five, Case No. A092657.  The Attorney General's Office was also unsuccessful in its petition for review with the California Supreme Court.

12.    I have also practiced as an appellate lawyer with over thirty appeals and writs prosecuted in the California Courts of Appeal and the Ninth Circuit Court of Appeal, including three reported decisions, *Palagin v. Paniagua Construction, Inc.* (2013) 222 Cal.App.4th 124, *Cassman v. DaimlerChrysler Corp.* (2003) 108 Cal.App.4th 37, *County of Shasta v. Caruthers* (1995) 31 Cal.App.4th 1838 and *Reilly v. Marin Housing Authority* (2018) 23 Cal.App.5th 425, California Supreme Court review granted August 29, 2018, 425 P.3d 51237 Cal.Rptr.3d 484.  I have practiced extensively in both federal and state courts and I have litigated cases to verdict in both Federal and California state courts. I have been admitted to the Northern, Eastern, Central and Southern Districts of California, the Northern District of Texas and the Ninth Circuit Court of Appeals. I have been a certified as an appellate specialist by the State Bar of California's Board of Legal Specialization in 2008 through 2014 and I served as a Commissioner on the Appellate Law Advisory Commission to the State Bar of California Board of Legal Specialization from 2012 through 2014.

13.    My customary billing rate for 2019 is $500.00 per hour.  I have been charging clients this hourly rate since 2017. My billing rate before that time was $475 an hour beginning in 2016, and before that $450.00 per hour since 2014.  Before that, my billing rate was $400 per hour since 2012. Before that, my billing rate was $350 per hour since 2010.  My hourly rate before that was $300 per hour which is what I charged hourly paying clients in 2009. Prior to that, my hourly rate was $275 per hour since 2005.

14.    The Eastern District of California awarded me attorneys' fees in a class action wage and hour case, *Ross v. Bar None Enterprises, Inc.,* ED Cal. Case No. 13-CV-00234 KJM in 2014 at my then

1   $450 an hour billing rate. The San Francisco County Superior Court awarded me sanctions against a

2   petitioner in the amount of $5,000.00 at my then-current rate of $400.00 an hour in the matter *In the*

3   *Matter of Mr. Leroy Watson and Mrs. La Verne Mabel Watson*, Case No. PES-13-296500 in 2013. Prior

4   to this award, I have been awarded attorneys' fees in a variety of contexts, including successful motions

5   under California's anti-SLAPP statute, at my then billing rates of $350.00, $275.00, and $250.00 per

6   hour in the following cases: *James Coy Driscoll vs. Kazmer Ujvarosy,* San Francisco Superior County

7   Court Case No. CPF-10-510738; *Nader Saborouh v. Orlando M Mangaccat, The Pier Parking*

8   *Company, LLC,* San Francisco  County Superior Court Case No. CCC 05-442540; *Henton v. Prentice,*

9   San Francisco   County Superior Court Case No. CGC-03-8 419855; and *Pelican Resources*

10  *International, Inc, v. Lumayog,* San Mateo County Superior Court Case No. CIV-444592. As of 2016,

11  the median hourly rate for attorneys practicing law in San Francisco, California was $450 with 75%

12  Median Attorney Rate for All Attorneys at $575 and the 95% Median Attorney Rate for All Attorneys

13  at $725. See 2015-2016 U.S. Consumer Law Attorney Survey Report attached hereto as Exhibit A.

14          15.     I spent 44.7 hours in preparing the special motions to strike on behalf of myself, WEN

15  FANG WANG and MICHELLE MELEN, Esq., reviewing and preparing the reply to Plaintiff LAI's

16  oppositions and sur-rebuttal papers, in preparing for the hearings held on these matters and in preparing

17  the fee petition herein. The actual hours I expended on this case are set forth in three separate charts

18  attached hereto and incorporated herewith as Exhibits "B," "C" and "D," respectively.  Exhibit B

19  reflects those 44.7 hours devoted to research and preparation of the points and authorities and other

20  pleadings related to the abuse of process, malicious prosecution and "conspiracy" theories of liability

21  against all defendants.  Because Plaintiff LAI named WEN  FANG WANG as a co-conspirator with her

22  attorneys in the three causes for malicious prosecution, abuse of process and "conspiracy," the time

23  spent on addressing those causes of action were mutually beneficial and were spent on all parties'

24  behalf.  Exhibit C reflects those hours devoted to research and preparation of the points and authorities

25  and other pleadings related to the fraud and breach of contract/common counts causes of action which

26  were asserted against WEN  FANG WANG only and which are not being claimed as part of this motion.

27

28

1    Exhibit D reflects those hours devoted to preparing this fee petition and anticipated additional 4 hours

2    for responding to an opposition and attending a hearing.

3         16.    These time records reflect considerable "billing judgment" – the demurrers filed

4    concurrently with the special motions to strike incorporated much of the pleadings prepared for the

5    special motions to strike and the parts of the briefs supporting the demurrers that pertain solely to the

6    standards for demurrers was not billed except that the time spent researching and demonstrating Plaintiff

7    LAI's failure to comply with Civil Code section 1714.10 was used as part of the joint defendants'

8    showing that Plaintiff LAI could not prevail on the merits and that time was claimed in Exhibit B. Also,

9    MOORE recycled some of the same legal arguments from the briefing performed for the MFA on the

10   lack of enforceability of LAI's retainer agreement for WANG's special motion to strike which were not

11   charged for the time that those arguments were originally prepared in Exhibit C.

12        17.    I anticipate I will need to expend 4 additional hours in filing a reply to any opposition

13   to this motion and attending the hearing on the motion which have been included in Exhibit D.  The total

14   hours defendants seek to be awarded for my fees on behalf of the prevailing parties is 56.7 hours which

15   includes 12 hours for this motion which includes the anticipated 4 hours to filing a reply to any

16   opposition to this motion and attending the hearing on the motion.

17        I declare under penalty of perjury that the foregoing is true and correct under the laws of the

18   State of California.

19        Signed this 21st day of May, 2019, in San Francisco, California.

20

21

22        FRANK S. MOORE

23

24

25

26

27

28

Exhibit A



# UNITED STATES CONSUMER LAW

# ATTORNEY FEE SURVEY REPORT

# 2015-2016



# Ronald L. Burdge, Esq.

California, San Francisco

| Firm Size | 2.78 |
|---|---|
| Median Years in Practice | 17.0 |
| Concentration of Practice in Consumer Law | 93.0 |
| Primary Practice Area | Consumer Law |
| Secondary Practice Area | Bankruptcy |
| Last Time Rate Change Occurred (months) | 13.6 |
| Median Number of Paralegals in Firm | 1.0 |
| Average Paralegal Rate for All Paralegals | 96 |
| Average Attorney Rate for All Attorneys | 461 |
| 25% Median Attorney Rate for All Attorneys | 350 |
| Median Attorney Rate for All Attorneys | 450 |
| 75% Median Attorney Rate for All Attorneys | 575 |
| 95% Median Attorney Rate for All Attorneys | 725 |

Median Rate for Practice Areas

| | Median |
|---|---|
| Attorneys Handling Bankruptcy Cases | 350 |
| Attorneys Handling Class Action Cases | 488 |
| Attorneys Handling Credit Rights Cases | 425 |
| Attorneys Handling Mortgage Cases | 525 |
| Attorneys Handling Vehicle Cases | 450 |
| Attorneys Handling TCPA Cases | 500 |
| Attorneys Handling Other Cases | 325 |

Experience Variable Table

| Years Practicing Consumer Law | Average Attorney Hourly Rate |
|---|---|
| <1 | 300 |
| 1-3 | 250 |
| 3-5 | 293 |
| 6-10 | 396 |
| 11-15 | 495 |
| 16-20 | 520 |
| 21-25 | 525 |
| 26-30 | 564 |
| 31-35 | 494 |
| 36-40 | 644 |
| 41+ | 500 |

Exhibit B

**ITEMIZED ATTORNEY TIME SPENT ON BEHALF OF ALL DEFENDANTS     1**
**ABUSE OF PROCESS, MALICIOUS PROSECUTION AND CONSPIRACY C/A**
*Lai v. Wang, et al.,* Santa Clara County Superior Court Case No. 17CV308093

### Time Spent by Frank S. Moore

| Date | Description | Time |
|------|-------------|------|
| 1/18/19 | Review First Amended Complaint (0.3); prepare agreement for informed consent representation and disclosure and correspond re: same (1.0); correspond w/Michelle Melen re: family law case and review trial transcript (1.6) | 2.9 |
| 1/19/19 | Correspond w/Michelle Melen re: family law case, fees applied for by Lai, financial transactions between client and former husband, status of issues for adjudication in family law matter and Lai's abandonment of claim client misrepresented her marital status, the state of the family law case after Lai abandoned client (1.5); research anti-SLAPP statute applicability to attorney's communicative conduct and privilege issues associated with State Bar complaints and arbitrations (2.0) | 3.5 |
| 1/20/19 | Correspond w/Michelle Melen re: Lai knew client was getting payments from ex-husband and her and Lai's fee declarations in family law case, *Borson, Read, and Meadows* cases (0.9); review *Borson, Read, and Meadows* cases and citations thereto (2.1); review and edit drafts of Michelle Melen's declaration (0.3); begin drafting memorandum of points and authorities (2.3) | 5.6 |
| 1/21/19 | Correspond w/Michelle Melen re: client's declaration and suggested edits (0.5); research law re: elements of malicious prosecution causes of action (1.7); develop facts for probable cause for client's State Bar complaint against Lai (1.9); research law re: differences between investigations vs. disciplinary actions for abuse of process, law and policy behind Mandatory Fee Arbitration for probable cause, and subsidiary defensive procedural action doctrine (1.6); continue drafting memorandum of points and authorities (1.4) | 7.1 |

**ITEMIZED ATTORNEY TIME SPENT ON BEHALF OF ALL DEFENDANTS** 2
**ABUSE OF PROCESS, MALICIOUS PROSECUTION AND CONSPIRACY C/A**
*Lai v. Wang, et al.,* Santa Clara County Superior Court Case No. 17CV308093

| | | |
|---|---|---|
| 1/22/19 | Research law governing "arising out of" for special motion to strike pertaining to State Bar complaints and Mandatory Fee Arbitrations (1.5); correspond w/client and Ryan Sydenham (interpreter) re: bank records (0.5); begin drafting factual narrative for special motion to strike brief and client's declaration (1.3); research law regarding privilege and confidentiality surrounding State Bar complaints and Mandatory Fee Arbitrations (0.8); research law re: elements of abuse of process, Business and Professions Code Section 6094 prohibition against suits arising out of State Bar complaints, what constitutes "process," what constitutes a "prior action," pre-litigation court approval pursuant to Civil Code Section 1714.10 (2.3) | 6.4 |
| 1/23/19 | Correspond w/client and Ryan Sydenham (interpreter) re: financial transactions by and between ex-husband and brother (0.9); obtain copy of State Bar complaint and correspond w/client re: background for making complaint, facts involved and involvement of attorney Peterson (0.5); research immunities related to filing State Bar complaints (0.8); continue drafting special motion to strike brief and review edits to client's declaration (3.5) | 5.7 |
| 1/24/19 | Draft notice of special motion to strike and special motion to strike, declaration, client's declaration, Ryan Sydenham (interpreter)'s declaration, request for judicial notice and gather evidence in support (1.8); continue drafting special motion to strike brief and review edits to client's declaration (5.1) | 6.9 |
| 1/25/19 | Review and make additional edits to client's declaration (2.2); finalize my declaration, Melen's declaration and memo of points and authorities (2.3) | 4.5 |
| 4/25/19 | Review Lai's opposition papers (1.1); begin drafting reply pleadings (7.3) | 8.4 |
| 4/26/19 | Research court's docket, local rules re: calendaring and draft reply declaration (1.1); finalize reply memorandum (2.5); draft evidentiary objections (1.7) | 5.3 |
| 5/2/19 | Review Lai's sur-rebuttal papers | 0.6 |
| 5/9/19 | Courtcall hearing | 0.6 |
| **Total** | | **44.7** |

Exhibit C

**ITEMIZED ATTORNEY TIME SPENT ON BEHALF OF DEFENDANT WANG     1
FRAUD AND BREACH OF CONTRACT/COMMON COUNTS CAUSES OF ACTION**
*Lai v. Wang, et al.,* Santa Clara County Superior Court Case No. 17CV308093

### Time Spent by Frank S. Moore

| Date | Description | Time |
|------|-------------|------|
| 1/19/19 | Research law governing "arising out of" for special motion to strike pertaining to Lai's assertion that client "lied" about access to money during family law hearing (2.0); begin drafting memorandum of points and authorities in support of special motion to strike (0.6) | 2.6 |
| 1/20/19 | Research law governing prohibition of suits by a former attorney against client reliant on privileged communications (0.4); research law re: elements for fraud cause of action (0.7), review Mandatory Fee Arbitration brief to crib for memorandum of points and authorities in support of special motion to strike (1.6) | 2.7 |
| 1/23/19 | Correspond w/client and Ryan Sydenham (interpreter) re: financial condition (0.5); update law on prohibition of suits by a former attorney against client reliant on privileged communications (0.4); research proof requirements for fraud cause of action (0.3); continue drafting memorandum of points and authorities in support of special motion to strike (2.0) | 3.2 |
| 1/24/19 | Correspond w/client and Ryan Sydenham (interpreter) re: review and make additional edits to client's declaration (1.2); draft notice of special motion to strike and special motion to strike and finalize memorandum of points and authorities (1.1) | 2.3 |
| 1/25/19 | Review and make additional edits to client's declaration and finalize pleadings | 1.2 |
| 4/26/19 | Draft reply pleadings to LAI opposition | 2.5 |
| 4/27/19 | Draft reply pleadings to LAI opposition | 2.1 |
| 4/28/19 | Draft reply pleadings to LAI opposition | 3.1 |
| 4/28/19 | Finalize memorandum of points and authorities in reply and joinder in attorneys's reply | 1.6 |
| Total | | 21.3 |

Exhibit D

**ITEMIZED ATTORNEY TIME SPENT ON BEHALF OF ALL DEFENDANTS    1**
**FEE APPLICATION**
*Lai v. Wang, et al.,* Santa Clara County Superior Court Case No. 17CV308093

### Time Spent by Frank S. Moore

| Date | Description | Time |
|------|-------------|------|
| 5/9/19 | Prepare moving papers in support of motion for attorneys' fees and declaration in support (6.0); research law on use of surveys and other SLAPP attorneys' fees awards for reasonable fee standard in geographic location (0.6) | 6.6 |
| 5/10/19 | Finalize moving papers for motion for attorneys' fees | 1.4 |
| 7/18/19 | Anticipated additional hours in filing a reply to any opposition to this motion and attending the hearing on the motion. | 4.0 |
| Total | | 12.0 |

1

## PROOF OF SERVICE

2          I, the undersigned, declare as follows:

3          I am employed in the City and County of San Francisco, and Healdsburg, State of California.
I am over the age of eighteen (18) and am not a party to this action.  My business address are 235
4    Montgomery Street, Suite 854, San Francisco, California 94104 and 245 Clear Ridge Drive, Healdsburg,
California, 95448.

5
           On the date set forth below, I served the document(s) entitled:
6
**DECLARATION OF FRANK S. MOORE IN SUPPORT OF DEFENDANTS' MOTIONS
7    FOR ATTORNEYS' FEES AS THE PREVAILING PARTIES ON THEIR SPECIAL
MOTION TO STRIKE PLAINTIFF X. YOUNG LAI, ESQ.'S FIRST AMENDED
8                                   COMPLAINT**

9    on the parties in this action as follows:

10   X. Young Lai, Esq.,
28 N. First Street, Ste 540
11   San Jose, CA 95113

12   Plaintiff

13
   _X_   [BY U.S. MAIL] I placed each such envelope, with express mail postage thereon fully prepaid,
14        in the United States mail in San Francisco, California.  I am "readily familiar" with the practice
         of The Law Offices of Frank S. Moore for collection and processing of correspondence for
15        express mailing, said practice being that in the ordinary course of business, express mail is
         deposited in the United States Postal Service the same day as it is placed for collection.
16

17          I declare under penalty of perjury under the laws of the State of California that the foregoing is
true and correct.
18

19
DATED: May 22, 2019
20                                        _____
                                           Frank S. Moore
21

22

23

24

25

26

27

28

*LAI v. WANG*                                                              Case No.17CV308093

**CERTIFICATE OF SERVICE**

This is to certify that on the 19th day of January 2024, I electronically filed the foregoing DECLARATION OF COUNSEL PATRICIA L PEDEN IN SUPPORT OF PLAINTIFF LIGHT FIELD LAB's OPPOSITION TO ALAN JONES'S ANTI-SLAPP MOTION using the Court's CM/ECF filing system which sends notification of such filing to all parties and/or counsel of record.

FRANK S. MOORE, SBN 158029
Law Offices of Frank S. Moore, APC
235 Montgomery Street, Suite 440
San Francisco, California 94104
Telephone: (415) 292-6091
Facsimile: (415) 292-6694
fsmoore@pacbell.net

Attorney for Defendant Alan Jones

Dated:  January 19, 2024                          BURKE, WILLIAMS & SORENSEN, LLP

By: _____
Patricia L. Peden
Ghazaleh Modarresi
Attorneys for Light Field Lab

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Oakland

Case No. 4:23-cv-05344-YGR
DECLARATION OF PATRICIA L. PEDEN IN
SUPPORT OF LIGHT FIELD LAB'S
OPPOSITION TO ALAN JONES'S ANTI-SLAPP
MOTION