# Exhibit G

1  Patricia L. Peden (SBN 206440)
   E-mail: ppeden@bwslaw.com
2  Ghazaleh Modarresi (SBN 259662)
   E-mail: gmodarresi@bwslaw.com
3  BURKE, WILLIAMS & SORENSEN, LLP
   1999 Harrison Street, Suite 1650
4  Oakland, California 94612-3520
   Tel: 510.273.8780   Fax: 510.839.9104
5
   Attorneys for Light Field Lab
6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| Light Field Lab, | Case No. 4:23-cv-05344-YGR |
|---|---|
| Plaintiff, | **LIGHT FIELD LAB'S OPPOSITION TO DEFENDANT ALAN JONES'S MOTION FOR A MORE DEFINITE STATEMENT** |
| v. | |
| Alan Jones, | Judge: Hon. Yvonne Gonzalez Rogers |
| Defendant. | Date: January 9, 2024<br>Time: 2:00 PM |

## I.   INTRODUCTION

A motion for a more definite statement is disfavored for a reason. The federal rules only require notice pleading, and these type of motions are often used for delay. Here, the motion is not well-taken. Light Field Lab's declaratory judgment complaint satisfies Rule 8. To the extent Mr. Jones prefers to have additional information, he either already has it or can easily get it. Mr. Jones's motion should not be permitted to delay these proceedings.

## II.   FACTS

By letter dated July 12, 2023, Alex Buerger, an attorney representing Mr. Jones, sent a demand letter to Light Field Lab. Mr. Jones's demand was well over $75,000.

Starting on July 25, 2023, Light Field Lab had a series of email and telephone discussions with Mr. Buerger, aimed at resolving Mr. Jones's threat to bring a legal claim against Light Field

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

Case No. 4:23-cv-05344
OPPOSITION TO ALAN JONES'S MOTION FOR
A MORE DEFINITE STATEMENT

1  Lab. On behalf of his client, Mr. Buerger sent emails on August 8, August 14, August 25, September
2  1, September 5, September 7, September 18, September 20, September 26, September 28, and
3  October 5, 2023. Additionally, Mr. Buerger participated in telephone calls with Light Field Lab's
4  counsel on August 14, August 29, and October 18, 2023. The emails and discussions squarely
5  addressed the issues now raised in Mr. Jones's motion.
6      In an email dated September 28, 2023, Mr. Buerger set forth his calculation of the value of
7  Mr. Jones's stock options. At all times, Mr. Buerger's valuation of Mr. Jones's stock options
8  exceeded $75,000.
9      On October 12, 2023, Mr. Buerger left a voice mail for Light Field Lab's counsel stating
10 that he was getting pressure from his client to move things toward resolution. In a follow-up email
11 the same day, Mr. Buerger provided a deadline for a counteroffer, in the absence of which he may
12 proceed with his filing.
13     On October 19, 2023, facing threatened legal action by Jones, Light Field Lab filed a
14 declaratory judgment action.

15 **III.  LEGAL STANDARD**

16     Federal Rule of Civil Procedure 12(e) requires a more definite statement if a pleading is "so
17 vague or ambiguous that the party cannot reasonably prepare a response." *Davis v. Amtrak*, No. CV
18 12-03976, 2013 WL 3187385, at *2 (N.D. Cal. June 21, 2013). Rule 12(e) does not require all facts
19 be present in a pleading; it is limited to ensuring notice, consistent with the liberal pleading standards
20 of Rule 8(a). *See id*., citing *Bureerong v. Uvawas,* 922 F.Supp. 1450, 1461 (C.D.Cal.1996) ("A
21 motion for a more definite statement is used to attack unintelligibility, not mere lack of detail, and
22 a complaint is sufficient if it is specific enough to apprise the defendant of the substance of the claim
23 asserted against him or her."). "A 12(e) motion should also be denied if the detail sought is
24 obtainable through discovery." *Id., citing Davison v. Santa Barbara High Sch. Dist.,* 48 F.Supp.2d
25 1225, 1228 (C.D. Cal. 1998).

26 **IV.  LEGAL ARGUMENT**

27     Mr. Jones's Motion for a More Definite Statement should be denied because (1) Light Field
28 Lab's complaint provides ample disclosure of the claims asserted and (2) the information Mr. Jones

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

2

Case No. 4:23-cv-05344
OPPOSITION TO ALAN JONES'S MOTION FOR
A MORE DEFINITE STATEMENT

seeks is presently available to him or can be obtained through discovery.

### A. The Complaint Gives Ample Notice of The Substance of The Claim

Light Field Lab's declaratory judgment complaint provides the notice envisioned in the federal rule's notice pleading requirement. The complaint lists the general factual background, includes the operative document, and specifies the element and grounds for Light Field Lab's complaint. It fully complies with Fed. R. Civ. P. 8.

Mr. Jones's motion does not demonstrate any defect in the complaint. Mr. Jones asserts that he cannot affirm or deny his employment or employer address because he began working remotely in 2020. (Mot. at 2). The requested specificity is not required. *See* Fed. R. Civ. P 8(a) (short and plain statement). Mr. Jones knows his period of remote work; the dates need not be set forth with specificity in the complaint. If Mr. Jones truly lacks knowledge, he can answer that he lacks information sufficient to form a belief as to the pleaded allegation, and it will be deemed a denial. *See* Fed. R. Civ. P. 8(b)(5). With this tool in hand, he can file his answer without the delay of an amended complaint.

Mr. Jones points to a statement in the complaint that he is not exempt from the company Plan and insists he needs to know when he made the statement. (Mot. at 4). The complaint does not allege Mr. Jones made the statement. Rather, the averment alleges that in threatening to sue for options that the Plan does allow him, or any separated employee for that matter, he has in effect indicated that he is exempt. Light Field Lab is not limited to verbatim statements made by Mr. Jones or his prior counsel.

Mr. Jones would further require Light Field Lab to state whether his own initial demand was "the only resolution [he] would accept." (Mot. at 4). Light Field Lab is not required to guess as to Mr. Jones's state of mind when drafting its complaint.

### B. Mr. Jones's Has The Information He Claims to Need to Respond

Mr. Jones claims the complaint's reference to threats to sue are unclear to him. (Mot. 2). Mr. Jones admits he was once represented by counsel, who is located in Washington state. (*Id.*) ("my attorney at the time was in Washington State and thus unable to appear in this court."). Mr. Jones presently has, or can demand, his former counsel's correspondence with Light Field Lab's

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

3

Case No. 4:23-cv-05344
OPPOSITION TO ALAN JONES'S MOTION FOR
A MORE DEFINITE STATEMENT

1  counsel. Light Field Lab is not required to list every exchange in its complaint and is reluctant to
2  do so because the communications were largely designated under Fed. R. Evid. 408.
3      Jones's argument appears to be that because his prior counsel is located in Washington and
4  is "unable to appear in this court," communications from him were not threats to sue in a California
5  court. (Mot. at 2). Counsel's location is irrelevant; Mr. Jones's threats to bring claims in any forum
6  are sufficient. To the extent Mr. Jones wants to press this argument, he can do so in his responsive
7  pleading. The argument is not grounds for requiring inclusion of additional facts in the complaint.
8      Mr. Jones also tacitly admits that he made demands for shares from Light Field Lab, but then
9  asserts that the complaint must identify the specific demands, the method by which they were made,
10 and why each of his demands caused "hardship." (Mot. at 3). Mr. Jones can obtain that information
11 from his former counsel, as he has a right to his counsel's communications. To avoid lingering
12 disputes, Light Field Lab has sent Mr. Jones copies of the emails sent by his prior counsel.
13     **C.    Mr. Jones Can Obtain Additional Information Through Discovery**
14     Mr. Jones asserts that he needs Light Field Lab's calculation of the value of the disputed
15 options before he can respond. (Mot. at 4). This is not the subject of notice pleading; it is the subject
16 of discovery. Relatedly, Mr. Jones disputes Light Field Lab's decision to file for declaratory
17 judgment, claiming he does not want to be involved in litigation. The argument is far outside the
18 scope of a motion for a more definite statement. Nonetheless, Light Field Lab has sent Mr. Jones a
19 release and covenant not to sue, and if it is signed, it will dismiss its complaint. Currently, however,
20 Light Field Lab's complaint supplies sufficient notice of the grounds for its declaratory judgment
21 action, and Mr. Jones's motion does not show otherwise.
22 **V.    CONCLUSION**
23     Light Field Lab's declaratory judgment satisfied Rule 8, and nothing more is required. Mr.
24 Jones's motion for a more definite statement should be denied.
25 / / /
26 / / /
27 / / /
28 / / /

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

4

Case No. 4:23-cv-05344
OPPOSITION TO ALAN JONES'S MOTION FOR
A MORE DEFINITE STATEMENT

Dated: December 13, 2023                BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ Patricia Peden
    Patricia L. Peden
    Ghazaleh Modarresi
    Attorneys for Light Field Lab

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

5

Case No. 4:23-cv-05344
OPPOSITION TO ALAN JONES'S MOTION FOR
A MORE DEFINITE STATEMENT