FRANK S. MOORE, SBN 158029
Law Offices of Frank S. Moore, APC
235 Montgomery Street, Suite 440
San Francisco, California 94104
Telephone:    (415) 292-6091
Facsimile:    (415) 292-6694
fsmoore@pacbell.net

Attorneys for Defendant Alan Jones

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LIGHT FIELD LAB,                    )    No. 4:23-CV-05344-YGR
                                    )
                                    )    **DEFENDANT ALAN JONES'S**
        Plaintiff,                  )    **REPLY TO PLAINTIFF'S OPPOSITION TO**
                                    )    **REQUEST FOR JUDICIAL NOTICE IN**
        vs.                         )    **SUPPORT OF SPECIAL MOTION TO**
                                    )    **STRIKE PLAINTIFF'S COMPLAINT**
ALAN JONES,                         )    **PURSUANT TO CALIFORNIA'S ANTI-**
                                    )    **SLAPP STATUTE AND MOTION TO**
                                    )    **DISMISS PLAINTIFF'S COMPLAINT**
        Defendant.                  )    **FOR LACK OF SUBJECT MATTER**
                                    )    **JURISDICTION**
                                    /
                                         [Fed. R. Evid. 201]

                                         Date:    February 13, 2024
                                         Time:    2:00 p.m.
                                         Place:   Courtroom 1 – 4th Floor

                                         Honorable Yvonne Gonzalez Rogers

        Defendant ALAN JONES replies to Plaintiff's Opposition to his Request for Judicial Notice

(Dkt. #33) he made pursuant to Rule 201 of the Federal Rules of Evidence in connection with

Defendant's Special Motion to Strike Plaintiff's Complaint Pursuant to California's Anti- SLAPP

Statute (California Code of Civil Procedure section 425.16) and Motion to Dismiss Plaintiff's Complaint

for Lack of Subject Matter Jurisdiction (Fed. R. Civ. Pro. 12(b)(1) and/or 12(b)(6)).

**Plaintiff's Objection: Unauthorized and Unwarranted Redactions**

Plaintiff asserts that the redactions that appear in the demand letter (Exhibit "B")[1] and the settlement negotiation emails (Exhibit "C")[2] were improperly redacted and that these documents do not merit sealing. Dkt. #46-3, p. 2:11-13, 2:21–23.  Defendant redacted the dollar amounts and number of shares of stock that were communicated between JONES's former lawyer, Alex Buerger, Esq., and LIGHT FIELD LAB's lawyers, Patricia L. Peden, Esq., and Ghazaleh Modarresi, Esq., based on a faulty assumption that is what plaintiff desired based on similar redactions that appeared in it's Complaint given that plaintiff went to the trouble of seeking such redactions itself. Dkt. #4, p. 1 (Plaintiff "seeks to redact the number of ownership interests claimed by Defendant Mr. Jones.")

Defendant is in total agreement that such information does not merit sealing and that good cause does not exist for the redactions.  Therefore, JONES will file unredacted versions of Exhibit "B" and "C" upon request of the Court.

**Plaintiff's Objection: Relevance**

Plaintiff asserts that JONES's contacts with the EEOC and the California Civil Rights Department (Exhibits "D," "H")[3] [4] are irrelevant to defendant's motions.  Defendant begs to differ.

The advisory committee's note to Rule 201 of the Federal Rules of Evidence, which governs judicial notice, distinguishes between "legislative" facts and "adjudicative" facts. See Fed.R.Evid. 201 advisory committee's note. Adjudicative facts are defined as "simply the facts of the particular case," while legislative facts "are those which have relevance to legal reasoning and the lawmaking process, . . . [such as a] ruling by a judge or court. . . ." *Id.*

---

[1]    Exhibit "B" – July 12, 2023 Letter from Alex Buerger, Esq., to COO John Dohm.

[2]    Exhibit "C" – Email correspondence between Alex Buerger, Esq., counsel for defendant ALAN JONES and counsel for plaintiff LIGHT FIELD LAB July 12, 2023 through October 12, 2023.

[3]    Exhibit "D" – Defendant ALAN JONES's correspondence sent to and received from the EEOC related to his employment-discrimination/retaliation claims.

[4]    Exhibit "H" – Defendant ALAN JONES's administrative complaint and right to sue letter initiated and received from the California's Civil Rights Department related to his employment-discrimination/retaliation claims.

*LIGHT FIELD LAB v. ALAN JONES,*                                                                                    Case No. 4:23-CV-05344-YGR

DEFENDANT ALAN JONES'S DEFENDANT ALAN JONES'S REPLY TO PLAINTIFF'S OPPOSITION TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO ANTI-SLAPP STATUTE AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION                                                                                                                                    2

"Adjudicative facts are facts about the parties and their activities, businesses, and properties, usually answering the questions of who did what, where, when, how, why, with *what motive or intent*; adjudicative facts are roughly the kind of facts that go to a jury in a jury case. Legislative facts do not usually concern the immediate parties but are general facts which help the tribunal decide questions of law, policy, and discretion." *Marshall v. Sawyer,* 365 F.2d 105, 111 (9th Cir. 1966) (quoting Davis, *The Requirement of a Trial-Type Hearing,* 70 Harv.L.Rev. 193, 199 (1956) with approval [emphasis added].) "Adjudicative facts are those to which the law is applied in the process of adjudication . . . [and] normally go to the jury in a jury case." *Grason Elec. Co. v. Sacramento Mun. Util. Dist.,* 571 F. Supp. 1504, 1521 (E.D. Cal. 1983).

The court may take judicial notice of adjudicative facts, which are facts *relevant* to the adjudication of the case. See Fed.R.Evid. 201 & Advisory Committee Note to 1972 Proposed Rules. (Emphasis added.)  The fact to be noticed must be relevant to the matter at hand. *Pacific Gas and Elec. Co. v. Lynch,* 216 F. Supp. 2d 1016, 1025 (N.D. Cal. 2002).

Here, the "matter at hand" in JONES's special motion to strike under California's anti-SLAPP statute is whether JONES's lawyer's demand letter and subsequent settlement negotiations involved litigation contemplated in good faith and under serious consideration.  In *Neville v. Chudacoff,* 160 Cal.App.4th 1255 (2008), the California Court of Appeal found that a statement made before the initiation of litigation can be considered to be "in connection with" litigation pursuant to section 425.16(e)(2) "if [the statement] relates to the substantive issues in the litigation and is directed to persons having some interest in the litigation." *Id.,* at 1266.  If a prelitigation statement is made "in anticipation of litigation *contemplated in good faith and under serious consideration*," it is protected. *Id.* at 1269 (emphasis added).

It is well known (at least to practitioners who practice employment law) that exhaustion of administrative remedies with the Equal Opportunity Commission and California's Civil Rights Department are required before a suit can be filed alleging violations under Title VII and FEHA, respectively.  Exhibits "D," "H" are relevant to demonstrate that JONES's lawyer's demand letter and settlement negotiations were contemplated in good faith and under serious consideration.  Since plaintiff

*LIGHT FIELD LAB v. ALAN JONES,*                                                                 Case No. 4:23-CV-05344-YGR

DEFENDANT ALAN JONES'S DEFENDANT ALAN JONES'S REPLY TO PLAINTIFF'S OPPOSITION TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO ANTI-SLAPP STATUTE AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION                                                                                                                              3

continues to retaliate against defendant by filing this frivolous lawsuit against him, he will have other administrative exhaustion to pursue as these efforts by his former employer continue unabated. He has plenty of time to do so as these retaliatory efforts by LIGHT FIELD LAB and its agents are ongoing.

**Plaintiff's Objection: Personal Correspondence**

Plaintiff contends that email correspondence by and between JONES's former lawyer, Alex Buerger, Esq., and LIGHT FIELD LAB's lawyers, Patricia L. Peden, Esq., and Ghazaleh Modarresi, Esq., (Exhibits "B" and "C") and Patricia L. Peden, Esq.'s direct email correspondence to JONES (Exhibits "E" and "F")[5] [6] are not proper matters for judicial notice relying on *Quantum Labs, Inc. v. Maxim Integrated Prod. Inc.,* No. 18-CV-07598-BLF, 2019 WL 1767574, at *3 (N.D. Cal. Apr. 22, 2019). *Quantum Labs* is inapposite given that the party that proffered the emails in that proceeding did so as public documents and they simply were not. *Quantum Labs* at *3 (citing *Lee v. City of L.A.,* 250 F.3d 668, 688–89 (9th Cir. 2001) (propriety of taking judicial notice of public documents).

### The Correspondence is Not in Reasonable Dispute and There is No Dispute as to Their Authenticity

This district court has previously ruled that an email that was subject to reasonable dispute, could not be the subject of judicial notice. *In re Apple iPhone Antitrust Litigation,* 386 F.Supp.3d 1155, 1165 (N.D. Cal. 2017) ("As to the email, this is not a proper subject of judicial notice because the meaning of the email is subject to reasonable dispute.") The implication from this ruling is that an email that is not subject to reasonable dispute would be the proper subject of judicial notice.  There is no reasonable dispute that the demand letter and (Exhibit "B"), the settlement negotiation emails (Exhibit "C") and the correspondence in response to JONES's Motion for a More Definite Statement (Dkt. #21) (Exhibits "E" and "F") do not reflect a dispute sounding in contract and does reflect an attempt by LIGHT FIELD LAB's lawyers to coerce him to relinquish a damages claim for the value of lost stock options.  It is notable that plaintiff did not base a relevancy objection to these forms of correspondence nor do they

[5]     Exhibit "E" – Email correspondence from plaintiff LIGHT FIELD LAB's counsel sent to defendant ALAN JONES in response to the latter's Motion for a More Definite Statement (Dkt. #21).

[6]     Exhibit "F" – RELEASE AND COVENANT NOT TO SUE presented to defendant ALAN JONES by plaintiff LIGHT FIELD LAB's counsel after the Complaint in this action (Dkt. #1) was initiated in this matter.

*LIGHT FIELD LAB v. ALAN JONES,*                                                                    Case No. 4:23-CV-05344-YGR

DEFENDANT ALAN JONES'S DEFENDANT ALAN JONES'S REPLY TO PLAINTIFF'S OPPOSITION TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO ANTI-SLAPP STATUTE AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION                                                                                                            4

challenge their authenticity. In such circumstances, judicial notice of the correspondence is proper. See *Ryan v. Travelers Indem. Co.,* 2013 WL 3289075 at * (E.D. Cal. June 28, 2013) (emails proper for judicial notice as the basis for certain allegations made in plaintiff's complaint, and defendants do not dispute the emails' authenticity).

**The Correspondence Was Previously Authenticated by JONES in His Declaration in Support of His Motions and His Declaration Referenced the Exhibits Which are Now Part of the Addendum to His Declaration**

If the aforementioned Exhibits "B," "C," "E" and "F" are not the proper subject of judicial notice and the proper procedure was to attach the correspondence as exhibits to an accompanying declaration or affidavit authenticating them as true and correct copies of the emails pursuant to Local Rule 7-5(a)[7], the declaration and the authentication has already been accomplished by JONES in his declaration in support of his moving papers. Dkt. #34, pp. 2-3 (authenticating Exhibits "B" through "G"). In order to avoid any picayune issue over where these Exhibits lie in the record or appear in the proper location, defendant filed an Errata/Addendum to Defendant ALAN JONES's Declaration in Support of Special Motion to Strike Plaintiff's Complaint Pursuant to California's Anti-SLAPP Statute and Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction (Dkt. #47) along with the same Exhibits "B" through "G". Dkt. ##47-1, 47-2, 47-3, 47-4, 47-5 and 47-6.

This correspondence is relevant evidence, the authenticity of which is not challenged. For motions pursuant to Rule 12(b), if the documents are not physically attached to the complaint, they may be considered if the documents' "authenticity . . . is not contested," are not subject to reasonable dispute and "the plaintiff's complaint necessarily relies" on them. *Sherman v. Stryker Corp.,* 2009 WL 2241664 at *2 (C.D.Cal.2009) (citing *Lee, supra,* 250 F.3d at 688 and Fed.R.Evid. 201. Exhibits "B" "C" and "E" are such documents given they were referenced by plaintiff LIGHT FIELD LAB's counsel in response to defendant ALAN JONES' Motion for a More Definite Statement (Dkt. #21).  Moreover, under California case law, the court, in ruling on a special motion to strike the Complaint as a SLAPP lawsuit,

---

[7]     N.D. Civ. Local Rule 7-5(a) requires that "[f]actual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the record. Extracts from depositions, interrogatory answers, requests for admission and other evidentiary matters must be appropriately authenticated by an affidavit or declaration."

*LIGHT FIELD LAB v. ALAN JONES,*                                                                Case No. 4:23-CV-05344-YGR

DEFENDANT ALAN JONES'S DEFENDANT ALAN JONES'S REPLY TO PLAINTIFF'S OPPOSITION TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO ANTI-SLAPP STATUTE AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION                                                                                                              5

the court may "pierce the pleadings" and consider evidence, without weighing it, to determine whether the moving party has made the initial evidentiary burden that the gravamen of the offending complaint "arises from an act in furtherance of defendant's right of petition or free speech." *Braun v. Chronicle Publ'g Co.*, 52 Cal.App.4th 1036, 1042-43 (1997).

**Plaintiff's Objection: Settlement Negotiations**

Plaintiff objects to the email correspondence containing settlement negotiations (Exhibit "C") as inadmissible under Rule 408(2) of the Federal Rules of Evidence. Dkt. #46-3, p. 2:14-20. As defendant outlined in his moving papers (Dkt. #31, p. 32:22-27), Federal Rule of Evidence 408 prohibits the introduction of settlement evidence when offered to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement, but the Court may admit evidence of settlement negotiations for other purposes. Fed. R. Evid. 408(b).

These settlement negotiations are not offered by defendant to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement, but instead to establish that the demand letter (Exhibit "B") sent by JONES's prior lawyer (which prompted the settlement negotiations and not objected on FRE Rule 408 grounds) were about employment-related claims and not any claim sounding in contract which plaintiff contends his "threat to sue" was about in said demand letter. This evidence is relevant to determine whether plaintiff can meet its duty to establish jurisdiction under the Declaratory Judgment Act by focusing on the gravamen of plaintiff's Complaint, not is validity or invalidity. See *Krause v. Krause,* 2022 WL 1597772 at *5 (E.D. Cal. May 19, 2022) ("Here, DermaNew does not rely on *the threats* in an attempt to prove whose trademark is valid, or to impeach Avon. Instead, it uses *the threats to satisfy the jurisdictional requirements* of an action *for declaratory relief.* (footnote omitted). This is perfectly acceptable under Rule 408." [emphasis added].)   It is also relevant evidence for the "arising from" first prong under California's anti-SLAPP statute. Accordingly, Exhibit "C" settlement negotiation emails meet the "other purpose" requirement of Rule 408(b).

Dated: January 22, 2024                          Respectfully submitted,

                                                 /s/ Frank S. Moore
                                                 _____

Frank S. Moore
Attorney for defendant Alan Jones

*LIGHT FIELD LAB v. ALAN JONES,*                                              Case No. 4:23-CV-05344-YGR

DEFENDANT ALAN JONES'S DEFENDANT ALAN JONES'S REPLY TO PLAINTIFF'S OPPOSITION TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO ANTI-SLAPP STATUTE AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION                                              7

**CERTIFICATE OF SERVICE**

This is to certify that on the 22ND day of January 2024, I electronically filed the foregoing DEFENDANT ALAN JONES'S REPLY TO PLAINTIFF'S OPPOSITION REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION using the Court's CM/ECF filing system which sends notification of such filing to all parties and/or counsel of record.

Patricia L. Peden (SBN 206440)
E-mail: ppeden@bwslaw.com
Ghazaleh Modarresi (SBN 259662)
E-mail: gmodarresi@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1999 Harrison Street, Suite 1650
Oakland, California 94612-3520


Counsel for plaintiff LIGHT FIELD LAB


Dated: January 22, 2024                    Law Offices of Frank S. Moore



                                           */s/Frank S. Moore*
                                           Frank S. Moore
                                           Attorney for defendant Alan Jones